**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE IGNACIO RIVERA-CUARTAS,
                    *Petitioner,*

            v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 07-74999

Agency No.
A013-291-613

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2010\*
San Francisco, California

Filed May 20, 2010

Before: Pamela Ann Rymer and M. Margaret McKeown,
Circuit Judges, and Patricia C. Fawsett,,
Senior District Judge.\*\*

Opinion by Judge McKeown

\*The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*The Honorable Patricia C. Fawsett, Senior United States District Judge for the Middle District of Florida, sitting by designation.

## COUNSEL

Erika Anne Kreider, Tuscon, Arizona, for the petitioner.

Nancy E. Friedman, United States Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., for the respondent.

## OPINION

McKEOWN, Circuit Judge:

We consider here whether Arizona Revised Statutes § 13-1405, which criminalizes sexual conduct with a minor under eighteen years of age, constitutes an aggravated felony for the purposes of immigration law. Because § 13-1405 does not meet the federal generic offense of "sexual abuse of a minor," we hold that it is not an aggravated felony and grant the petition for review.

Jose Ignacio Rivera-Cuartas, a longtime lawful permanent resident from Colombia, was convicted under § 13-1405 for performing oral sex on a sixteen-year-old boy and sentenced to three years probation. In removal proceedings, the immigration judge ("IJ") found Rivera deportable for having been convicted of the aggravated felony of "sexual abuse of a minor" as defined at 8 U.S.C. § 1101(a)(43)(A). The Board of Immigration Appeals ("BIA") affirmed.

This case is squarely controlled by two recent decisions that address the generic definition of "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A): *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), and *United States v. Medina-Villa*, 567 F.3d 507 (9th Cir. 2009). *See also Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013-14 (9th Cir. 2009) (reviewing cases). Both cases were decided after briefing was completed in this case. Nonetheless, the application of the framework is straightforward.

**[1]** In *Estrada-Espinoza*, we explained that, for the purposes of § 1101(a)(43)(A), "Congress has enumerated the elements of the offense of 'sexual abuse of a minor' at 18 U.S.C. § 2243." 546 F.3d at 1152. A statute of conviction qualifies as the generic offense of "sexual abuse of a minor" if it includes the following elements: (1) a mens rea of knowingly engaging in; (2) a sexual act (3) with a minor who is at least twelve but not yet sixteen years of age; and (4) an age difference of at least four years between the defendant and the minor. *Id.* at 1152, 1158 (citing 18 U.S.C. § 2243).

**[2]** In *Medina-Villa*, we distinguished *Estrada-Espinoza* on the ground that 18 U.S.C. § 2243 "encompassed statutory rape crimes only" and therefore was not the only federal generic definition of "sexual abuse of a minor." 567 F.3d at 514-15. Statutory rape crimes are "sexual offenses involving older as well as younger adolescents, not crimes prohibiting conduct harmful to younger children specifically." *Id.* at 514. Under *Medina-Villa*, a crime that is not a statutory rape crime under *Estrada-Espinoza* may still meet the federal generic offense of "sexual abuse of a minor" if: (1) the conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse. *Id.* at 513. A criminal statute includes the element of "abuse" if it expressly prohibits conduct that causes "physical or psychological harm in light of the age of the victim in question." *Id.* (internal quotation marks omitted).

**[3]** The statute, § 13-1405, does not meet the generic definition of "sexual abuse of a minor" under either framework. Section 13-1405 provides that "[a] person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age." ARIZ. REV. STAT. § 13-1405(A). On its face, § 13-1405 does not meet the definition for statutory rape crimes set forth in *Estrada-Espinoza* for two reasons: (1) it lacks the age difference requirement; and (2) is broader than the generic offense with respect to the age of the minor because the statute applies to persons under eighteen years of age. As a result, the conduct proscribed in § 13-1405 exceeds the generic offense. *See Estrada-Espinoza*, 546 F.3d at 1159 (applying same analysis to analogous California statutes).

In addition, because § 13-1405 lacks the age difference requirement, the modified categorical approach does not apply. As we explained in *Navarro-Lopez v. Gonzales*, "[w]hen the crime of conviction is missing an element of the generic crime altogether," the modified categorical approach is inapposite because the court "can never find that 'a jury was actually required to find all the elements of' the generic crime." 503 F.3d 1063, 1073 (9th Cir. 2007) (quoting *Li v. Ashcroft*, 389 F.3d 892, 899-901 (9th Cir. 2004) (Kozinski, J., concurring)); *accord Estrada-Espinoza*, 546 F.3d at 1159.

**[4]** Section 13-1405 also does not meet the generic definition of "sexual abuse of a minor" under the *Medina-Villa* framework as it lacks the element of "abuse." The statute "does not expressly include physical or psychological abuse of a minor as an element of the crime," nor does it "criminalize[ ] only conduct that is per se abusive, because it is not limited to conduct targeting younger children." *Pelayo-Garcia*, 589 F.3d at 1015. And, because § 13-1405 lacks the element of "abuse," the modified categorical approach does not apply. *See Navarro-Lopez*, 503 F.3d at 1073. Section 13-1405 is not an aggravated felony.

In his opening brief, Rivera "concedes" that his offense constitutes a crime involving moral turpitude and argues that his crime is subject to the petty offense exception at 8 U.S.C. § 1182(a)(2)(A)(ii)(II). But the government solely charged Rivera with removability as an aggravated felon, and the IJ and BIA ordered removal on this basis alone. The government did not charge removal on the moral turpitude charge or any other ground of removability. Therefore, we vacate Rivera's removal order without remanding for further administrative proceedings.

The petition for review is GRANTED.