# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff- Appellee,*

　　　　　v.

ISAIAS GONZALEZ-APARICIO,
　　　　　*Defendant-Appellant.*

No. 09-10447

D.C. No.
4:09-cr-00685-CKJ-
DTF-1

AMENDED
OPINION

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted
December 9, 2010—San Francisco, California

Filed June 8, 2011
Amended November 16, 2011

Before: Robert E. Cowen,* A. Wallace Tashima and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Cowen;
Dissent by Judge Tashima

---

*The Honorable Robert E. Cowen, Senior United States Circuit Judge
for the Third Circuit, sitting by designation.

20163

## COUNSEL

Robert Lally Miskell (argued), Assistant U.S. Attorney, Tucson, Arizona, for the appellee.

Jeffrey Glenn Buchella (argued), CJA, Tucson, Arizona, for the appellant.

**OPINION**

COWEN, Circuit Judge:

Isaias Gonzalez-Aparicio appeals from the sentence imposed by the District Court following his guilty plea to one count of attempted reentry after deportation. Reviewing for plain error, we will affirm.

I.

Gonzalez-Aparicio was born in Mexico on January 24, 1973. According to the presentence investigation report ("PSR") dated September 23, 2009, he moved to the United States with his family when he was still a teenager.

In "Part B—Defendants' Criminal History," the PSR stated that Gonzalez-Aparicio was arrested on August 18, 1999, at age 26, and then convicted on the following charge: "Count 1 — Sexual Conduct with a Minor (felony) Arizona Revised Statutes § 13-1405, Maricopa County Superior Court, Phoenix, CR19992981." (PSR ¶ 21.) He originally received the following sentence: "02/02/2000 — 10 years probation, 1 year jail as condition of probation (credit for 167 days time served)." (*Id.*) The sentence was then amended: "02/24/2000 — Sentence amended; condition imposing 1 year in jail vacated and replaced by condition imposing 167 days in jail." (*Id.*) Gonzalez-Aparicio was deported to Mexico on February 23, 2000.

The PSR went on to state that:

> The defendant was represented by counsel. Court records show he pleaded guilty to Count 1 of an indictment charging that in November 1998 he "engaged in sexual intercourse or oral sexual contact with [victim] a minor under the age of fifteen years, this refers to the first intercourse[.]" Three additional

counts charging the defendant with sexual conduct with the same victim were dismissed.

Arrest reports were not received, and court documents indicate only that from November 1998 through August 1999 the defendant engaged in intercourse with the victim on at least four occasions. The defendant was released to immigration authorities and deported on February 23, 2000. As noted above, the defendant's sentence was amended the day following his deportation. A Maricopa County Adult Probation official indicated revocation proceedings will be initiated based on the defendant's commission of the instant offense.

(*Id.*)

Following this first deportation, Gonzalez-Aparicio reentered the United States. He was removed again in March 2009. On April 1, 2009, Border Patrol agents in Nogales, Arizona, observed Gonzalez-Aparicio crawling through a hole in the international border fence. Although he attempted to run away, he was apprehended and admitted to the agents that he was a Mexican citizen without legal authorization to be in this country. A federal grand jury indicted him for attempted illegal reentry after deportation under 8 U.S.C. § 1326 as enhanced by 8 U.S.C. § 1326(b)(2). On August 20, 2009, Gonzalez-Aparicio pled guilty.

Calculating the offense level under the Sentencing Guidelines, the PSR began with a base offense level of 8 and ultimately ended up with a total offense level of 22. Among other things, it added 16 levels "because the defendant was previously deported subsequent to a conviction for sexual conduct with a minor, the elements of which are equivalent to sexual abuse of a minor and/or statutory rape, either of which is an enumerated crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii)." (*Id.* ¶ 10.) The PSR also found that

Gonzalez-Aparicio fell under criminal history category III. In the end, the sentencing range was 51 to 63 months, and the Probation Office recommended a sentence of 56 months.

The addendum dated September 29, 2009 indicated that the defense (unlike the government) made no objections to the PSR. However, the defense counsel did submit documentation in anticipation of the sentencing hearing, including an untranslated letter in Spanish allegedly from the victim of Gonzalez-Aparicio's prior criminal conduct.

At the sentencing hearing conducted on November 3, 2009 (with the assistance of an interpreter), the District Court initially asked Gonzalez-Aparicio's attorney whether there was any legal reason why they could not go forward with sentencing. The attorney indicated that there were none. He further noted that he had reviewed with his client "the presentence report including the recommendation section and the addendum to the report" and believed that his client adequately understood the documents. (ER24.) Gonzalez-Aparicio then indicated on the record that he was satisfied with his counsel's services, the attorney was able to answer any questions he might have had, and the attorney discussed the PSR and its recommendation with him. The District Court accordingly ordered that the "presentence report is made a part of the record" and expressly adopted its factual assertions because "the report accurately describes the offense conduct." (ER25.) It then reviewed the PSR's Guideline calculation, stating, inter alia, that it accurately calculated a 16-level enhancement because Gonzalez-Aparicio was previously deported following "a conviction for sexual conduct with a minor as outlined in paragraph 21." (ER26.)

The defense counsel asked for "a more realistic sentence in the neighborhood of 18 to 24 months." (ER30.) Among other things, he stated that "the most significant felony prior we are here for involved a case of him being charged for basically statutory rape." (ER27.) In short, he explained that Gonzalez-

Aparicio had a consensual 6-month-long relationship when he was 26 with a distant cousin of his common-law wife (at a time when he was separated) who was approaching the age of 15. While the defense attorney acknowledged that the crime "sounds" horrible and dangerous, his client was convinced that his sentence was changed to time served in part because the family did not want the State of Arizona to pursue charges. (*Id.*) The defense counsel added that the State often will prosecute such cases in spite of the victim's own wishes and went on to emphasize the fact that "the so-called victim" actually wrote "a touching letter asking you to consider leniency and mercy." (ER28.)

After Gonzalez-Aparicio made a brief statement of his own, the prosecutor concurred in the Probation Office's sentencing recommendation. Among other things, the prosecutor noted that she was unable to obtain "the police reports on the statutory rape case." (ER31.) However, she challenged her adversary's characterization of the matter, stating, inter alia, that it "wasn't a Romeo/Juliet case," that "[h]e's 26" and "[s]he's at oldest 14," and that it is "very difficult" for victims who are also family members and who may then be pressured by others into not pursuing charges or even writing a letter asking for leniency. (ER32)

In its final sentencing determination, the District Court took into consideration the Guideline calculations, the statutory sentencing factors, and the mitigating factors offered in support of a lesser sentence (especially with respect to Gonzalez-Aparicio's family circumstances). The District Court specifically noted that the section 13-1405 conviction described in Paragraph 21 of the PSR does not constitute an aggravated felony conviction "because the sentence was not at least one year." (*Id.*) It observed, inter alia, that "[t]here's been no objection to the guideline calculations" and that it "basically adopted what the probation department has proposed." (ER33.) Declining "to grant a departure based on the fact that paragraph 21 is not an aggravated felony," the District Court

expressly found "that it is appropriately treated as a crime of violence, sexual conduct with a minor under 15." (*Id.*) The District Court then observed that: "We have the summary of the incident in paragraph 21. The court finds it is appropriate to continue to treat that as a crime of violence and that it is an appropriate adjudication for purposes of sentencing today of that prior conviction." (ER33-ER34.) Ultimately, the District Court imposed a Guideline sentence (although one at the low end of the range due to the mitigating factors) of 51 months of imprisonment to be followed by 3 years of supervised release.

## II.

Gonzalez-Aparicio contends that the District Court committed reversible procedural error by applying a 16-level increase to the offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] This Guideline specifically provides for such an increase if the defendant was previously deported following a conviction for a "crime of violence." The Sentencing Commission's commentary states that:

> "Crime of violence" means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

---

[1] It is uncontested that the District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231 and that we have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). In turn, Ariz. Rev. Stat. § 13-1405 currently states:

> **§ 13-1405. Sexual conduct with a minor; classification; definition.**
>
> **A.**   Any person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.
>
> **B.**   Sexual conduct with a minor who is under fifteen years of age is a class 2 felony and is punishable pursuant to § 13-705. Sexual conduct with a minor who is at least fifteen years of age is a class 6 felony. Sexual conduct with a minor who is at least fifteen years of age is a class 2 felony if the person is the minor's parent, stepparent, adoptive parent, legal guardian, foster parent or the minor's teacher or clergyman or priest and the convicted person is not eligible for suspension of sentence, probation, pardon or release from confinement on any basis except as specifically authorized by § 31-233, subsection A or B until the sentence imposed has been served or commuted.
>
> **C.**   For the purposes of this section, "teacher" means a certificated teacher as defined in § 15-501 or any other person who directly provides academic instruction to pupils in any school district, charter school, accommodation school, the Arizona state schools for the deaf and the blind or a private school in this state.[2]

---

[2]Following Gonzalez-Aparicio's 1999 arrest and 2000 sentence, the Arizona Legislature amended this provision to include the language "or the minor's teacher or clergyman or priest," to add subsection C, and to substitute § 13-705" for "§ 13-604.01" in subsection B because of statutory renumbering. None of these changes appear to be relevant to the current appeal.

The PSR found that Gonzalez-Aparicio was convicted of a "crime of violence" because the elements of the Arizona offense "are equivalent to sexual abuse of a minor and/or statutory rape." (PSR ¶ 10.) Without any objection on the part of the defense, whether in writing or at the sentencing hearing itself, the District Court accepted this characterization of the prior conviction as a "crime of violence" for sentencing purposes.

The overarching principles of law that must be followed here appear to be well established, although the parties vigorously contest whether they have been satisfied. "When an offense is specifically enumerated by the Application Notes as a 'crime of violence,' we have consistently drawn the conclusion that the offense is a *per se* crime of violence under the Guidelines." *United States v. Rodriguez-Guzman*, 506 F.3d 738, 741 (9th Cir. 2007) (citations omitted). In other words, we must determine "whether the statutory definition used by [Arizona] comports with the generic and contemporary meaning of the offense of statutory rape." *Id.* at 743.

This inquiry requires the courts to apply the categorical approach or test set forth in *Taylor v. United States*, 495 U.S. 575 (1990). " 'Under the categorical approach, we "compare the elements of the statutory definition of the crime of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." ' " *United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 (9th Cir. 2010) (quoting *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008)), *cert. denied*, 131 S. Ct. 539 (2010). "[E]ven the least egregious conduct the statute [of conviction] covers must qualify." *United States v. Lopez-Solis*, 447 F.3d 1201, 1206 (9th Cir. 2006) (citing *Valencia v. Gonzales*, 439 F.3d 1046, 1052 & n.3 (9th Cir. 2006)). Furthermore, the court may look only to the fact of conviction and the statutory definition of the prior offense. *See, e.g.*, *Valencia-Barragan*, 608 F.3d at 1107.

Even if the pure categorical test is not satisfied, the government may ask the court to turn to the modified categorical approach. Where the statute of conviction is overly inclusive, the Supreme Court allows " 'the sentencing court to go beyond the mere fact of conviction.' " *Rodriguez-Guzman* 506 F.3d at 746 (quoting *Taylor*, 495 U.S. at 602). "The modified categorical approach simply asks, in the course of finding that the defendant violated the statute of conviction, was the factfinder *actually required to find the facts satisfying* the elements of the generic offense?" *United States v. Aguila-Montes de Oca*, ___ F.3d ___, 2011 WL 3506442, at *17 (9th Cir. 2011) (en banc). "In any case requiring the application of *Taylor*'s categorical approach, in the event that we determine that the statute under which the defendant was previously convicted is categorically broader than the generic offense, we may apply the modified categorical approach." *Id.* at *21. Under this approach, "we determine, in light of the facts in the judicially noticeable documents, (1) what facts the conviction necessarily rested on (that is what facts the trier of fact was actually required to find); and (2) whether these facts satisfy the elements of the generic offense." *Id.*

Gonzalez-Aparicio contends that the generic federal definition of "statutory rape" has, as one of its elements, proof that there is at least a 4-year age difference between the perpetrator and the victim. It is undisputed that section 13-1405 lacks any such age difference requirement. The government argues that, at the very least, the District Court committed no plain error with respect to whether the generic federal definition includes such an element. The government further acknowledges that, in any case, it is necessary to turn to the modified categorical analysis because section 13-1405(A) generally refers to sexual conduct with "any person who is under eighteen years of age" and this Court has held that the generic age of consent for "statutory rape" purposes is 16. However, it emphasizes that the provision goes on to state in section 13-1405(B) that "[s]exual conduct with a minor who is under fifteen years of age is a class 2 felony" and that the PSR, in turn,

asserted that "[c]ourt records show he pleaded guilty to Count I of an indictment charging that in November 1998 he 'engaged in sexual intercourse or oral sexual contact with [victim] a minor under the age of fifteen years, this refers to the first intercourse[.]' " (PSR ¶ 21). Gonzalez-Aparicio, for his part, takes issue with the government's application of the modified approach.

## A.   The Standard Of Review

[1] Under the circumstances of this appeal, the identification of the applicable standard of review is especially important. We generally review criminal sentences for abuse of discretion, and we will not overturn a district court's sentencing determination in the absence of procedural error or substantive unreasonableness. *See, e.g.*, *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). A district court's interpretation and application of the Guidelines is usually reviewed de novo. *See, e.g.*, *Aguila-Montes*, ___ F.3d ___, 2011 WL 3506442, at *3; *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006) (en banc). However, it is uncontested that Gonzalez-Aparicio (who was represented by counsel) never objected to or otherwise called into question the characterization of his prior Arizona conviction as a "crime of violence." He failed to do so either in writing or even at the sentencing hearing itself. Understandably, the government argues that this Court must apply the well-established plain error standard of review with respect to alleged sentencing errors not raised below. *See, e.g.*, *United States v. Charles*, 581 F.3d 927, 932-33 (9th Cir. 2009). Gonzalez-Aparicio asserts that the Court should not do so because we are purportedly confronted with a pure question of law and the opposing party would suffer no prejudice as a result of the failure to raise the issue below (although he further contends that he satisfies the plain error standard in any case).

[2] We have indicated in prior sentencing cases that we are not limited to this standard of review where the appeal pres-

ents a pure question of law and there is no prejudice to the opposing party. *See United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th *Cir. 2010), cert. denied*, 131 S. Ct. 956 (2011); *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1547 (2010); *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001). In other words, we possess the discretion to refrain from applying the default plain error standard of review in certain circumstances. *United States v. Burgum*, 633 F.3d 810, 812 n.2 (9th Cir. 2011) ("To the extent we have discretion not to apply plain error review, we decline to exercise that discretion in this instance." (citing *Evans-Martinez*, 611 F.3d at 642; *Echavarria-Escobar*, 270 F.3d at 1267-68).) We find that it is not appropriate to exercise this discretion in light of the specific circumstances of the current appeal.

As we explain in further detail in the next section, there was at the time of sentencing and still exists today confusion, tension, and possibly even conflict in our own case law as to whether the generic federal definition of "statutory rape" includes a 4-year age difference element. The panels in the decisions cited above were not confronted with such a situation (and two of the panels ultimately held that there were no errors of law in light of prior precedent). *See Evans-Martinez*, 611 F.3d at 638-42 (determining sua sponte that the district court committed procedural error by using mandatory minimum sentence for one count as Guideline sentence for all counts); *Saavedra-Velazquez*, 578 F.3d at 1106-10 (following Ninth Circuit precedent to conclude that California's definition of attempt is not broader than definition of attempt at common law and that accordingly attempted robbery is "crime of violence"); *Echavarria-Escobar*, 270 F.3d at 1267-71 (following every other circuit court to have considered issue to conclude that suspended sentence may constitute aggravated felony for sentencing enhancement purposes). In contrast, a reasoned decision from the District Court, made after the parties have presented their respective positions, would assist us in deciding the difficult legal question of

whether there is an age difference element. The failure to object, however, means that we have been denied such valuable assistance. We further note that this Court relatively recently applied the plain error standard to the defendant's claim, asserted for the first time on appeal, that he was not a career offender because his prior conviction did not categorically constitute a controlled substance offense. *Charles*, 581 F.3d at 932-36.

**[3]** Pursuant to the modified categorical approach, this Court must also consider, among other things, acceptable documentation regarding Gonzalez-Aparicio's prior Arizona conviction. We must go beyond an abstract legal discussion of statutory terms and criminal elements. Accordingly, this appeal implicates more than merely a *pure* question of *law*.

As a practical matter, the defense's own conduct before the District Court provides even further support for applying the well-established plain error standard of review. In addition to making no objection whatsoever with respect to the PSR's characterization of the prior conviction as a "crime of violence," the defense essentially took this characterization as a "given" at the sentencing hearing and even went so far as to admit on the record that his client was 26 years old at the time of the offense, that his "girlfriend" was under the age of 15, and that the prior felony "involved a case of him being charged for basically statutory rape." (ER27.) The defense counsel specifically asked for a sentence, based, inter alia, on the purported facts and circumstances of the prior conviction, that was still significantly higher than the sentencing range that would have applied in the absence of any "crime of violence" enhancement (i.e., he asked for a sentence in the "neighborhood" of 18 to 24 months (ER32), even though the applicable range without the 16-level increase would have been apparently only 2 to 8 months).

While such admissions and conduct may be insufficient to satisfy the categorical or modified categorical tests them-

selves, they nevertheless indicate that we should decline to exercise our discretion to apply a de novo standard of review. We further note that, in contrast to Gonzalez-Aparicio, the defendant in *Saavedra-Velazquez* did unsuccessfully argue before the district court, admittedly on different grounds than he raised on appeal, that the prior conviction "was not, categorically, a 'crime of violence' for the purposes of U.S.S.G. § 2L1.2 and that the 16-level upward adjustment should not be applied." 578 F.3d at 1105. We further add that, if the defense had properly raised this objection, the government may have then obtained and submitted further documentation from the state court proceeding that could clearly be considered in any modified categorical analysis. Accordingly, the government has suffered prejudice here.

Under the plain error standard of review, the appellant must show that: (1) there was error; (2) the error committed was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See, e.g.*, *United States v. Olano*, 507 U.S. 725, 732 (1993); *Charles*, 581 F.3d at 933. To be plain, the error must be clear or obvious, and an error " 'cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results.' " *Charles*, 581 F.3d at 933-34 (quoting *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003)). "Plain error, as we understand that term, is error that is so clear-cut, so obvious, a competent district judge should be able to avoid it without benefit of objection." *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997) (citing *United States v. Frady*, 456 U.S. 152, 163 (1982)). When the state of the law is unclear at the time of trial and is then clarified by subsequent authority, the district court's error is still not considered plain. *See, e.g.*, *id.* Therefore, plain error "normally means error plain at the time the district court made the alleged mistake." *Id.* However there is an exception to this general principle: " '[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,]

it is enough that an error be "plain" at the time of appellate consideration.' " *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)).

## B.   The Pure Categorical Approach

Even assuming arguendo that the generic crime of "statutory rape" includes a 4-year age difference requirement (or any age difference requirement at all), we determine that any error regarding this element would not be "so clear-cut" and "so obvious" that "a competent district judge should be able to avoid it without benefit of objection." *Turman*, 122 F.3d at 1170. There is (and has been since before the District Court sentenced Gonzalez-Aparicio) some confusion, tension, and possibly even conflict in our own case law as to whether the generic crime includes this particular element.

We begin with our ruling in *United States v. Gomez-Mendez*, 486 F.3d 599 (9th Cir. 2007). In this case, the defendant argued that the district court improperly applied the 16-level enhancement based on a prior conviction under section 261.5(d) of the California Penal Code, which stated, inter alia, that "[a]ny person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony." *Id.* at 600-03. Affirming the sentencing enhancement, we stated, inter alia, that "[t]he term 'statutory rape' is ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by state statute." *Id.* at 603 (footnote omitted). In support of this definition, we specifically quoted the definitions of "statutory rape" in Black's Law Dictionary, *id.* at 603 n.7 (quoting Black's Law Dictionary 1288 (8th ed. 2004)), as well as in an ALR annotation, *id.* (quoting Susan M. Kole, Annotation, *Statute Protecting Minors in a Specified Age Range from Rape or Other Sexual Activity as Applicable to Defendant Minor Within Protected Age Group*, 18 A.L.R.

5th 856, § 2[a] (1994)).) It must be noted that none of these definitions contain any age difference requirement. *Id.*

We returned to the definition of "statutory rape" in *United States v. Rodriguez-Guzman*, 506 F.3d 738 (9th Cir. 2007). The defendant challenged the application of the 16-level enhancement based on his prior conviction under section 261(c) of the California Penal Code. *Id.* at 740. This provision states in relevant part that "[a]ny person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony," and California law then defines a minor as a "person under the age of 18 years." *Id.* at 741. In *Gomez-Mendez*, "[w]e went on to define statutory rape as 'ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent specified by the state statute." *Id.* at 745 (quoting *Gomez-Mendez*, 486 F.3d at 603). But the *Gomez-Mendez* panel purportedly "did not answer the dispositive question presented here: what is the ordinary, contemporary, and common meaning of the term 'minor' in the context of a statutory rape law relied on for a sentencing enhancement?" *Id.* (footnote omitted). The *Rodriguez-Guzman* panel majority, based on an examination of the Model Penal Code, federal criminal law (specifically 18 U.S.C. § 2243(a) ("Sexual abuse of a minor or ward")), and the approach of the overwhelming majority of the states to the age of consent issue (as addressed in Judge Thomas's concurring opinion in the subsequently vacated panel ruling in *Estrada-Espinoza v. Gonzales*, 498 F.3d 933 (9th Cir. 2007)), concluded that "the term 'minor' in the context of a statutory rape law means a person under sixteen years of age." 506 F.3d at 745 (footnote omitted). We specifically observe that both the Model Penal Code and 18 U.S.C. § 2243(a), as quoted in *Rodriguez-Guzman*, require that the victim be younger than 16 and that there be at least a 4-year age difference between the perpetrator and the victim. *Id.* In any case, this Court further explained that the prior ruling "is . . . not in con-

flict with our decision here" because the statutory provision addressed in *Gomez-Mendez* only criminalizes sexual intercourse with a minor under the age of 16. *Id.* at 745 n.6; *see also, e.g.*, *Aguila-Montes*, ___ F.3d ___, 2011 WL 35206442, at *8 ("In [*Rodriguez-Guzman*], we held that the generic definition of 'statutory rape' requires that the victim be under the age of sixteen." (citing *Rodriguez-Guzman*, 506 F.3d at 746)).

**[4]** In 2008, the en banc Court in *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), specifically considered the following question: "[W]hether a conviction under any of four California statutory rape provisions—California Penal Code §§ 261.5(c), 286(b)(1), 288a(b)(1), 289(h)—constitutes the aggravated felony 'sexual abuse of a minor,' within the meaning of 8 U.S.C. § 1101(a)(43)."[3] *Id.* at 1150. This Court (in a unanimous opinion written by Judge Thomas) answered this question in the negative because each California statutory provision defines conduct that is broader than the generic federal definition of "sexual abuse of a minor." *Id.* at 1150-60.

We began our categorical analysis by observing that we were "[f]ortunately" not confronted with an absence of specific congressional guidance with respect to the applicable elements of the crime "because Congress has enumerated the elements of the offense of 'sexual abuse of a minor' at 18 U.S.C. § 2243." *Id.* at 1152. "Thus the generic offense of 'sexual abuse of a minor' requires four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor." *Id.* We then engaged in a rather lengthy (if purportedly unnecessary) discussion of current criminal law in order to confirm

---

[3]Estrada-Espinoza was found removable as an aggravated felon under 8 U.S.C. § 1227(a)(2)(A)(iii). *Estrada-Espinoza*, 546 F.3d at 1151. 8 U.S.C. § 1101(a)(43)(A) "defines 'aggravated felony' as 'murder, rape, or sexual abuse of a minor.' " *Id.* at 1151.

"that the congressional definition comports with 'the ordinary, contemporary, and common meaning of the words' of the term." *Id.* at 1152-53 (quoting *United States v. Baron-Medina*, 187 F.3d 1144, 1146 (9th Cir. 1999)). In the process, we turned, inter alia, to state "statutory rape" provisions, the Model Penal Code's "statutory rape" definition, and prior case law (and frequently distinguished between sexual activity with younger children and sexual activity with older adolescents). *Id.* at 1153-55. In explaining why there was no need for the aggravated felony provision to include an express statutory reference to § 2243, we specifically observed that "sexual abuse of a minor" offenses under federal and state law "define what would, in more common parlance, be referred to as statutory rape." *Id.* at 1156; *see also, e.g.*, *Aguila-Montes*, ___ F.3d ___, 2011 WL 35206442, at *9 (We defined 'sexual abuse of a minor' by reference to the federal statutory rape statute, 18 U.S.C. § 2243, and held that this definition contains 'four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) *an age difference of at least four years between the defendant and the minor.*'" (quoting *Estrada-Espinoza*, 546 F.3d at 1152)).

Even outside of the narrow "statutory rape" context, subsequent panel rulings have proceeded to distinguish this en banc opinion. In the process, we have recognized that there are now *two* generic federal definitions of "sexual abuse of a minor" in this Circuit: (1) the so-called "statutory rape crimes only" definition announced by the en banc Court in *Estrada-Espinoza* and understood as covering offenses involving both older adolescents and younger children; and (2) the pre-existing definition dealing with sexual crimes against younger children, which are considered to be per se abusive. *See United States v. Farmer*, 627 F.3d 416, 417-22 (9th Cir. 2010), *pet. for cert. filed*, (Mar. 17, 2011) (No. 10-9620); *Valencia-Barragan*, 608 F.3d at 1106-08; *United States v. Castro*, 607 F.3d 566, 567-70 (9th Cir. 2010); *Rivera-Cuartas v. Holder*, 605 F.3d 699, 701-02 (9th Cir. 2010); *Pelayo-*

*Garcia v. Holder*, 589 F.3d 1010, 1012-16 (9th Cir. 2009); *United States v. Medina-Villa*, 567 F.3d 507, 511-16 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 1545 (2010).

For example, we determined in *Rivera-Cuartas v. Holder*, 605 F.3d 699 (9th Cir. 2010), that the Arizona statutory provision at issue here does not satisfy either of these "sexual abuse of a minor" definitions, *id.* at 702. In this immigration proceeding, we held that "section 13-1405 does not meet the definition for statutory rape crimes set forth in *Estrada-Espinoza* for two reasons: (1) it lacks the age difference requirement; and (2) is broader than the generic offense with respect to the age of the minor because the statute applies to persons under eighteen years of age." *Id.* On the other hand, "a crime that is not a statutory rape crime under *Estrada-Espinoza* may still meet the federal generic offense of 'sexual abuse of a minor' if (1) the conduct prohibited by the criminal statute is sexual, (2) the statute protects a minor, and (3) the statute requires abuse." *Id.* (citing *Medina-Villa*, 567 F.3d at 513). The abuse element is met if the statute prohibits behavior that causes " 'physical or psychological harm in light of the age of the victim in question.' " *Id.* (quoting same). Applying this other definition, we held that section 13-1405 lacks the critical "abuse" element. *Id.* However, the *Rivera-Cuartas* panel only considered the "aggravated felony" statute, which—unlike the Guideline commentary at issue here—does not include any express "statutory rape" language.

**[5]** To date, we have yet to consider whether—and how *Estrada-Espinoza* should be applied in defining the generic crime of "statutory rape" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). In fact, this Court actually amended two recent rulings to eliminate such "statutory rape" discussions.

In *United States v. Castro*, 607 F.3d 566 (9th Cir. 2010), the defendant challenged a 16-level sentencing enhancement because of his prior conviction under section 288(c)(1) of the California Penal Code, "which criminalizes lewd or lascivious

acts on a child of 14 or 15 years by a person at least ten years older than the child," *id.* at 567. Applying the two generic federal definitions of "sexual abuse of a minor," *id.* at 567-70, we held that "section 288(c)(1) is broader than the generic offense of sexual abuse of a minor and that it therefore is not categorically a crime of violence." *Id.* at 567-68. In this amended opinion, we also explained that "[w]e do not address whether section 288(c)(1) constitutes the generic offense of 'statutory rape' and therefore constitutes a 'crime of violence,' *see* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii), because the parties have not raised that issue." *Id.* at 570 n.2.

Likewise, in *United States v. Valencia-Barragan*, 608 F.3d 1103 (9th Cir.), *cert. denied*, 131 S. Ct. 539 (2010), the defendant challenged a sentencing enhancement on the basis of a prior conviction under section 9A.44.076(1) of the Washington Revised Code, *id.* at 1106. This provision provides that "[a] person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." *Id.* We concluded that this conviction fell under the "abuse" definition of "sexual abuse of a minor." *Id.* at 1106-08. Although the district court ruled that the prior conviction actually qualified as "statutory rape," we stated in our amended ruling that, "[b]ecause we conclude that Valencia-Barragan's conviction under section 9A.44.076(1) criminalizes conduct that satisfies the first federal generic definition of 'sexual abuse of a minor,' we do not address whether his conviction also satisfies the second generic federal definition or whether it constitutes 'statutory rape.' " *Id.* at 1107.

Gonzalez-Aparicio, although he never raised the issue below, now asks this Court to determine whether his prior conviction under section 13-1405 "constitutes 'statutory rape' " and specifically whether the generic federal definition of "statutory rape" includes a 4-year age difference element.

*Id.* We acknowledge that this is a difficult issue, further complicated by our own prior case law. For instance, our prior decisions in *Gomez-Mendez* and *Rodriguez-Guzman* did appear to offer a generally applicable definition of "statutory rape," which in turn lacks any age difference element. However, the respective defendants evidently never raised any age difference issue on appeal (and the statutory provision in *Gomez-Mendez* actually requires the perpetrator to be at least 21 years of age and the victim to be younger than 16 while the provision at issue in *Rodriguez-Guzman* contains a 3-year age difference requirement). Nevertheless, we are still unable to conclude that the District Court committed any plain error here.

In particular, *Estrada-Espinoza* actually defined the phrase "sexual abuse of a minor" as it is used in the immigration "aggravated felony" context. In contrast, the Guideline commentary at issue here expressly lists both "sexual abuse of a minor" as well as "statutory rape" as "crimes of violence." In general, courts should attempt to avoid an interpretation rendering language superfluous. *Cf., e.g.*, *Medina-Villa*, 567 F.3d at 515 (stating that, "if we were to define 'sexual abuse of a minor' in U.S.S.G. § 21:1.2 as limited to § 2243, we would eliminate the need for the separate and independent example of 'statutory rape' as a 'crime of violence.' "). *The Estrada-Espinoza* opinion also never discussed or even cited to our prior "statutory rape" decisions in *Gomez-Mendez* and *Rodriguez-Guzman*. We further add that, even in the limited "sexual abuse of a minor" context, the en banc ruling and the subsequent line of case law have been the target of criticism. In a special concurrence in *United States v. Farmer*, 627 F.3d 416 (9th Cir. 2010), *pet. for cert. filed*, (Mar. 17, 2011) (No. 10-9620), Judge Bybee, joined by Judge Noonan, expressed serious doubts about, among other things, the existence of two definitions for the same offense, *id.* at 424-26 (Bybee, J., specially concurring).

**[6]** In the end, we are confronted here with serious problems that arguably merit en banc consideration and that, at the

very least, should be resolved only after the defendant properly raises an objection before the district court and the district court thereby has a real opportunity to make an informed and reasoned ruling that could assist any ultimate resolution. At the very least, it cannot be said that any error here was so obvious under the governing case law at the time of sentencing (or even now) that "a competent district judge should be able to avoid it without benefit of objection." *Turman*, 122 F.3d at 1170 (citation omitted).

## C.   The Modified Categorical Approach

While section 13-1405(A) prohibits sexual conduct with "any person who is under eighteen years of age," it is well established that the generic age of consent for "statutory rape" purposes is 16. *See, e.g.*, *Rodriguez-Guzman*, 506 F.3d at 743-46. The government turns to the modified categorical approach to defend the District Court's characterization of Gonzalez-Aparicio's prior conviction as "statutory rape" and therefore a "crime of violence" for sentencing purposes. We determine that the District Court committed no plain error with respect to the application of the modified categorical approach.

We may rely "only on documents that give us the 'certainty of a generic finding,' " such as " 'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.' " *Aguila-Montes*, ___ F.3d ___, 2011 WL 3506442, at *17 (citations omitted). Accordingly, statements or admissions by the defendant's counsel at the sentencing hearing are not judicially noticeable. *See, e.g.*, *Rodriguez-Guzman*, 506 F.3d at 747 n.9. Likewise, a sentencing court may not turn to the PSR for a narrative description of the underlying facts of the prior conviction. *See, e.g.*, *United States v. Pimentel-Flores*, 339 F.3d 959, 967-69 (9th Cir. 2003) (finding plain error where, inter alia, district court relied solely on factual description recited in PSR and govern-

ment failed to submit adequate documentation); *United States v. Corona-Sanchez*, 291 F.3d 1201, 1212 (9th Cir. 2002) (en banc) ("Instead, we have held that a presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of a crime when the statute of conviction is broader than the generic definition." (citing *United States v. Franklin*, 235 F.3d 1165, 1172 (9th Cir. 2000); *United States v. Potter*, 895 F.2d 1231, 1237-38 (9th Cir. 1990)).

**[7]** Nevertheless, the PSR prepared in this proceeding did more than provide a mere factual narrative. It instead evidently quoted from state court documentation by stating that "[c]ourt records show he pleaded guilty to Count 1 of an indictment charging that in November 1998 he 'engaged in sexual intercourse or oral sexual contact with [victim] a minor under the age of fifteen years, this refers to the first intercourse[.]' " (PSR ¶ 21.) In turn, the Arizona statutory provision at issue here expressly classifies sexual conduct with a minor under 15 as a class 2 felony. It bears repeating that, if the defense had raised some sort of objection, the government could then have presented in the sentencing proceeding the actual documentation from the state court. Under these circumstances, there was no plain error. *See, e.g.*, *United States v. Kelly*, 422 F.3d 889, 895-96 (9th Cir. 2005) ("A presentence report ("PSR") is insufficient to establish the elements of the crime if 'all it does is recite the facts of the crime as alleged in the charging papers' without indicating whether the information came 'from a source that we have previously deemed acceptable, such as a signed plea agreement, a transcript of the plea hearing, or a judgment of conviction.' " (quoting *Corona-Sanchez*, 291 F.3d at 1211)); *Corona-Sanchez*, 291 F.3d at 1212 ("We need not decide in this case whether information contained in a presentence report from an identified, acceptable source can constitute evidence under *Taylor*'s modified categorical approach").

III.

For the foregoing reasons, Gonzalez-Aparicio fails to satisfy the applicable plain error standard of review with respect to the District Court's determination that he was previously convicted of a "crime of violence," namely "statutory rape," pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[4] We further conclude that the District Court did not otherwise abuse its discretion or impose a sentence that was either procedurally erroneous or substantively unreasonable. *See, e.g.*, *Carty*, 520 F.3d at 993. Contrary to Gonzalez-Aparicio's assertions on appeal, the District Court provided a thorough explanation for its determination, appropriately responded to the various arguments made by the defense, did not give undue weight to the Guidelines, and reasonably took into account Gonzalez-Aparicio's prior record as well as several mitigating factors.

We therefore will affirm the sentence entered by the District Court.

**AFFIRMED.**

**THE MOTION BY APPELLANT FOR CORRECTION OF THE RECORD IS DENIED.**

---

TASHIMA, Circuit Judge, dissenting:

Today the majority announces a new and startling method of selecting a standard of review, one in which the panel, at its sole option, selects which standard of review to apply. Because this standard of review is no standard at all, I respectfully dissent. If the majority had applied our long-established

---

[4]We accordingly need not reach the government alternative theory that the statute of conviction constitutes a "forcible sexual offense[ ]" under the Guideline commentary.

precedents, it would be required to reverse and remand for resentencing.

## I.

This is a sentencing case. As in all sentencings, the district court was first required to calculate the correct advisory guidelines sentencing range. *See Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). It did not do so. Defendant-appellant Gonzalez-Aparicio ("Gonzalez") pled guilty to one count of illegal entry under 8 U.S.C. § 1326(b)(2). The sentencing court applied a 16-point "crime of violence" enhancement, U.S.S.G. § 2L1.2(b)(1)(A)(ii), that raised Gonzalez's total offense level from 6 to 22.[1] At Criminal History Category III, this raised his corresponding Guidelines range from 2-8 months to 51-63 months. The district court imposed a sentence of 51 months.

## II.

Under the pure categorical approach set forth in *Taylor v. United States,* 495 U.S. 575 (1990), the correctness of Gonzalez's sentence turns on the following issue: does the generic definition of statutory rape contain an age difference element? The majority invokes plain error review to avoid answering this key question, even though the question is a pure question of law. If the generic definition includes an age difference element, then Gonzalez's state conviction cannot constitute statutory rape according to the categorical approach, because, as the majority concedes, *see* Maj. Op. at 20173, the Arizona statute under which he was convicted, Ariz. Rev. Stat. § 13-1405, does not include an age difference element. When we analyze the statute under the *Taylor*[2] categorical analysis, the underlying facts do not matter.

---

[1] The 16-point enhancement was based on an Arizona state conviction for sexual conduct with a minor under Ariz. Rev. Stat. § 13-1405.

[2] *Taylor v. United States*, 495 U.S. 575 (1990).

The majority's application of plain error review is contrary to our well-established rule that a pure question of law, even if unpreserved, is reviewed de novo absent prejudice to the opposing party. *See United States v. Evans-Martinez*, 611 F.3d 635, 642 (9th Cir. 2010); *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009) (holding that "whether California's definition of 'attempt' is broader than the common law definition, such that attempted robbery is not a 'crime of violence' " is a purely legal question to which plain error review does not apply); *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 886 (9th Cir. 2003) (declining to apply plain error review to the purely legal question of whether a conviction constitutes an "aggravated felony" under the categorical approach); *United States v. Echavarria-Escobar*, 270 F.3d 1265, 1267-68 (9th Cir. 2001) (declining to apply plain error review where the defendant "argue[d] for the first time on appeal that the sentence imposed for his Nevada state theft offense [could not] constitute an aggravated felony for purposes of enhancing his [ ] sentence . . . .").[3]

The majority contends that plain error review applies because Gonzalez's failure to object caused the government prejudice by depriving it of the opportunity to submit "further documentation from the state court proceeding that could clearly be considered in any modified categorical analysis." Maj. Op. at 20177. Again, the issue under the categorical approach is whether generic statutory rape contains an age difference element. If the answer is yes, then Gonzalez's conviction does not qualify as a matter of law under the categorical test. "Further documentation of the state court proceeding"

---

[3]In *United States v. Charles*, 581 F.3d 927, 933 (9th Cir. 2009), upon which the majority relies, the court applied plain error review to the legal question of whether the defendant's state conviction was "categorically a controlled substance offense." But *Charles* never considered the "pure question of law" exception to plain error review, apparently because the defendant did not raise it. *See id.* at 932-33. *Charles* therefore does not conflict with the above authority.

could not affect the analysis. Gonzalez's failure to object did not prejudice the government with regards to this question.

Most perplexingly, however, the majority also justifies its application of plain error review as an exercise of its purported "discretion" to select the appropriate standard of review. Maj. Op. at 20174-75. The idea that we have discretion to choose between standards of review is antithetical to the very concept of a standard of review. If we can pick whatever standard suits us, free from the direction of binding principles, then there is no standard at all. Our cases that apply the "pure question of law" exception to plain error review do not engage in any such discretionary selection. Rather, the cases limit themselves to asking whether the relevant issue is purely legal and whether the opposing party suffers no prejudice. If the answer to both questions is yes, our cases invariably have applied de novo review. *See Evans-Martinez*, 611 F.3d at 642; *Saavedra-Velazquez*, 578 F.3d at 1106; *Huerta-Guevara*, 321 F.3d at 886; *Echavarria-Escobar*, 270 F.3d at 1267-68.

Rather than recognizing these cases as binding, the majority comes up with a newly-minted rule under which it grants itself discretion over which standard of review to apply. It does this by seizing upon the slender reed of a one-sentence footnote that contains no analysis of the "pure question of law" exception to plain error review. *See United States v. Burgum*, 633 F.3d 810, 812 n.2 (9th Cir. 2011) ("To the extent we have discretion not to apply plain error review, we decline to exercise that discretion in this instance."). As is plainly clear from its language, the footnote does not actually state that appellate courts have discretion to choose between standards of review. And the footnote certainly does not overrule our earlier decisions by granting courts discretion to apply anything other than de novo review where an unpreserved question is purely legal and there is no prejudice to the opposing party. The majority overrides this clear line of precedent by simple fiat, "find[ing] that it is not appropriate to exercise

this discretion in light of the specific circumstances of the current appeal." Maj. Op. at 20175.

In announcing its newly-minted rule giving itself the discretionary option of which standard of review to apply, the majority simply ignores our long-established case law that pure questions of law are an exception to plain error review. Because our case law so dictates, I would review de novo the purely legal question of whether the statute of conviction lacks an element of the generic offense in this case.

## III.

Turning to that question of law, although we have never squarely decided whether generic statutory rape includes an age difference element, we have come close. *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), held that "sexual abuse of a minor" requires an age difference element. *Id.* at 1152 ("[T]he generic offense of 'sexual abuse of a minor' requires four elements: (1) a mens rea level of knowingly; (2) a sexual act; (3) with a minor between the ages of 12 and 16; and (4) an age difference of at least four years between the defendant and the minor."). The court relied on sources that defined "statutory rape," *id.* at 1153, because it determined that offenses titled "sexual abuse of a minor" in state and federal criminal codes "define what would, in more common parlance, be referred to as statutory rape." *Id.* at 1156. In other words, *Estrada-Espinoza*'s holding that "sexual abuse of a minor" contains an age difference element is based on the conclusion that generic statutory rape contains an age difference element.[4]

---

[4]This conclusion about generic statutory rape comports with the prevailing definition of the crime. *See United States v. Osborne*, 551 F.3d 718, 719-720 (7th Cir. 2009) ("Many criminal laws, of which statutory rape is the best-known example, rest on a belief that a combination of youth *and age difference* prevents an effective consent to sexual conduct.") (emphasis added); Model Penal Code § 213.3 (2001) (defining "Corruption of

We subsequently emphasized this point by declaring that *Estrada-Espinoza* "was intended to define statutory rape laws only," and that a separate generic definition of "sexual abuse of a minor" applies to laws that require abuse. *United States v. Medina-Villa*, 567 F.3d 507, 515 (9th Cir. 2009); *see also United States v. Valencia-Barragan*, 608 F.3d 1103, 1107 n.2 (9th Cir. 2010) ("Although *Estrada-Espinoza* [purported to] defin[e] 'sexual abuse of a minor' generally, we subsequently clarified that the *Estrada-Espinoza* definition 'encompassed statutory rape crimes only.' ") (citation omitted).

Although it refuses to decide the issue, the majority suggests that the generic crime of statutory rape might not contain an age difference requirement, *Estrada-Espinoza* notwithstanding, because the Sentencing Guidelines enumerate "sexual abuse of a minor" and "statutory rape" separately. Maj. Op. at 20183; *see Medina-Villa*, 567 F.3d at 515 ("When interpreting the Guidelines, we must give meaning to all its words and render none superfluous."). The implication is that because *Estrada-Espinoza* defines "sexual abuse of a minor" to mean "statutory rape," we should define "statutory rape" to mean something other than "statutory rape" to avoid rendering the term superfluous. That reasoning is backwards. Moreover, *Medina-Villa* recognizes that the existence of the second definition of "sexual abuse of a minor" — covering laws that require abuse — avoids rendering the term "statutory rape" redundant. *See* 567 F.3d at 515 ("*[I]f* we were to define 'sex-

---

Minors and Seduction" to require that the "actor is at least [four] years older than the other person"); "Statutory Rape: A Guide to State Laws and Reporting Requirements," The Lewin Group, prepared for the Department of Health and Human Services (Dec. 15, 2004), http://www.lewin.com/content/publications/3068.pdf ("In 27 states, the legality of engaging in sexual intercourse with minors is, at least in some circumstances, based on the difference in age between the two parties."); Charles A. Phillips, *Children, Adults, Sex and the Criminal Law: In Search of Reason*, 22 Seton Hall Legis. J. 1, 62 (1997) ("An element present in most states is an age difference between the parties.").

ual abuse of a minor' in U.S.S.G. § 2L1.2 as limited to [the *Estrada-Espinoza* definition], we would eliminate the need for the separate and independent example of 'statutory rape' as a 'crime of violence.' ") (emphasis added). In other words, in the context of U.S.S.G. § 2L1.2 — which, in contrast to the immigration provision that *Estrada-Espinoza* interprets, enumerates the terms "sexual abuse of a minor" and "statutory rape" separately — the two generic definitions of "sexual abuse of a minor" correspond to separate terms. The *Medina-Villa* definition corresponds to "sexual abuse of a minor" and the *Estrada-Espinoza* definition corresponds to "statutory rape." There is no overlap.[5]

The majority also implies that *United States v. Gomez-Mendez*, 486 F.3d 599 (9th Cir. 2007), which predates *Estrada-Espinoza*, suggests that generic statutory rape does not contain an age difference element. *See* Maj. Op. at 20178-79, 20184. But *Gomez-Mendez* did not address the age difference issue. The case concerned a state law prohibiting anyone 21 or older from having sexual intercourse with any-

---

[5]The government argues briefly that even if § 13-1405 does not constitute statutory rape, it is still a "crime of violence" because it meets the definition of "forcible sex offense," which the Guidelines commentary lists as a separate qualifying offense. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2009) ("'Crime of violence' means any of the following . . . forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor . . . ."). But this reading *would* render the term "statutory rape" superfluous: if statutory rape crimes are "forcible sex offenses" simply because the minor's consent is invalid under state law, then why does the commentary list statutory rape separately? Moreover, when the Sentencing Commission added the parenthetical language defining "forcible sex offenses" to include crimes involving legally invalid consent, it did so to overrule cases that had excluded from the generic definition rapes of mentally impaired or intoxicated persons and rapes accomplished by coercive non-violent threats (e.g., an employer's threat "to fire a subordinate"). *See* Notice of submission to Congress of amendments to the sentencing guidelines effective November 1, 2008, 73 Fed. Reg. 26924, 26935 (May 9, 2008). The parenthetical language does not target statutory rape.

one under 16. Although the court declared that statutory rape is "ordinarily, contemporarily, and commonly understood to mean the unlawful sexual intercourse with a minor under the age of consent," it clearly did not have to consider whether the generic definition included an age difference element, because the state law satisfied that requirement. *See Gomez-Mendez*, 486 F.3d at 603. In *Estrada-Espinoza*, on the other hand, the age difference element was dispositive. 546 F.3d at 1159.

In sum, under *Estrada-Espinoza*, § 13-1405 does not meet the generic definition of statutory rape because it does not contain an age difference requirement.

## IV.

If the pure categorical test is not satisfied, we may then apply the modified categorical approach.[6] "Under the modified categorical approach, we determine, in light of the facts in the judicially noticeable documents, (1) what facts the conviction necessarily rested on (that is, what facts the trier of fact was actually required to find); and (2) whether these facts satisfy the elements of the generic offense." *Aguila-Montes de Oca*, 2011 WL 3506442, at *21 (9th Cir. 2011). Plain error

---

[6]Until recently, our inquiry would have ended here. In *Navarro-Lopez v. Gonzalez,* 503 F.3d 1063 (9th Cir. 2007) (en banc), we held that "[w]hen the crime of conviction is missing an element of the generic crime altogether, we can never find that a jury was actually required to find all the elements of the generic crime." *Id.* at 1073 (internal quotation marks omitted). In such cases, "the modified categorical approach [was] inapposite." *Rivera-Cuartas v. Holder,* 605 F.3d 699, 702 (9th Cir. 2010) (citing *Navarro-Lopez,* 503 F.3d at 1073). Sitting en banc, however, we recently overruled our holding in *Navarro-Lopez* and concluded that the modified categorical approach *does* apply in "missing element" cases. *United States v. Aguila-Montes de Oca*, 2011 WL 3506442, at *21 (9th Cir. Aug. 11, 2011) (en banc).

is the correct standard of review for an unpreserved sentencing error under this prong of our analysis.[7]

Although § 13-1405 does not meet the generic definition of statutory rape because it lacks an age difference element, Gonzalez's sentence may still be correct under the modified categorical approach if the records of conviction show that the finder of fact was "actually required" to find that the requisite age difference existed between him and the victim. The judicially noticeable records of Gonzalez's conviction do not show that his conviction "necessarily rested" on the finding of an age difference.[8] *Id.* at *18. As a result, his conviction does not qualify as a "crime of violence" under the modified categorical approach. Further, it was plain error to conclude that Gonzalez's conviction qualifies as a crime of violence under the modified categorical approach because the majority's holding is in contravention of clear precedent.

The Arizona statute is over-inclusive: it defines minors as persons under 18, while the generic crime defines minors as persons under 16. *Compare* Ariz. Rev. Stat. § 13-1405, *with Rodriguez-Guzman*, 506 F.3d at 745 ("[T]he term 'minor' in the context of a statutory rape law means a person under sixteen years of age."). The majority holds that Gonzalez's conviction qualifies despite the statute's overinclusiveness because he pled guilty to a crime involving a 14 year-old victim. But the only factual support for this conclusion comes

---

[7]The "pure question of law" exception does not apply here because application of the modified categorical approach requires us to go beyond purely legal questions to review the records of conviction.

[8]In discussing its purported discretion to choose a standard of review, the majority notes that defense counsel stated on the record that his client was 26 years old and his "girlfriend" was under the age of 15 at the time of the offense. Maj. Op. at 20176. As the majority recognizes, "statements or admissions by the defendants' counsel at the sentencing hearing are not judicially noticeable" and can not establish elements of a crime for the purposes of the modified categorical test. Maj. Op. at 20185 (citing *United States v. Rodriguez-Guzman,* 506 F.3d 738, 747 n.9 (9th Cir. 2007)).

from the Presentence Investigation Report ("PSR"), the relevant portion of which reads as follows: "*Court records show* [Gonzalez] pleaded guilty to Count 1 of an indictment charging that in November 1998 he 'engaged in sexual intercourse or oral sexual contact with [victim] a minor under the age of fifteen years . . . .' " (Emphasis added.) The government submitted no other documentation of the conviction.

Reliance on the PSR is plainly erroneous. In *United States v. Corona-Sanchez*, 291 F.3d 1201 (9th Cir. 2002) (en banc), we held that a PSR stating that the defendant had pleaded guilty to facts contained in charging papers did not suffice to establish the elements of the defendant's conviction for purposes of the modified categorical approach. *Id.* at 1212 ("Corona-Sanchez's presentence report is insufficient evidence because all it does is recite the facts of the crimes as alleged in the charging papers. That it also notes that he 'P/G as charged' does not remedy the situation, because it does not indicate the source of this information."), *superseded on other grounds by* U.S.S.G. § 2L1.2, cmt. n.4 (2002). Similarly, in *United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003), we held that the district court committed plain error by relying solely on the PSR to find that the defendant's conviction constituted a "crime of violence" under the modified categorical approach.

The majority recognizes that "a presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime . . . ." Maj. Op. at 20186 (quoting *Corona-Sanchez*, 291 F.3d at 1212). But it nonetheless affirms Gonzalez's sentence because the PSR here, unlike the PSR in *Corona-Sanchez*, states that its information comes from "court records." I find this distinction perplexing. While our case law suggests (without holding) that a PSR might support application of the modified categorical approach if it makes clear that it draws its information from an "identified, acceptable source," such as "a signed plea agreement, a transcript of

the plea hearing, or a judgment of conviction," *Corona-Sanchez*, 291 F.3d at 1212, the cryptic reference to "court records" in Gonzalez's PSR obviously does not fit that bill. One cannot discern the precise source of the information. *See Aguila-Montes de Oca,* 2011 WL 3506442, at *19 ("the fact that we may only rely on a narrow and defined range of documents . . . ensures that the defendant will have understood and had an opportunity to contest all facts which are necessary to his conviction"). Thus, the majority errs in basing its modified categorical approach finding solely on unspecified "court records."

The district court committed plain error by relying on the PSR exclusively. *Corona-Sanchez*, 291 F.3d at 1212 ("The idea of the modified categorical approach is to determine if the record *unequivocally* establishes that the defendant was convicted of the generically defined crime . . . .") (emphasis added); *Pimentel-Flores*, 339 F.3d at 968 ("We can understand the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter . . . . Relying solely on the factual description in the PSR, however, was plain error."). This case should be remanded for resentencing according to the correct Guidelines range of 2-8 months.

## V.

For the reasons set forth above, I respectfully dissent.