FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10489 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00273-OWW-1 |
| v. | |
| RALPH ANTHONY MALDONADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Submitted June 15, 2012[**]
San Francisco, California

Before: D.W. NELSON, GOULD, and BEA, Circuit Judges.

Defendant-Appellant Ralph Anthony Maldonado was convicted following a

jury trial of transferring obscene materials to minors in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1470.[1]  Maldonado appeals his conviction, contending that a jury instruction to which he did not specifically object constituted plain error.  We affirm.

The district court instructed the jury that the "local community" it should consider in deciding whether the material violated a community standard for obscenity was "the region from which you have been drawn, encompassing the counties in which you reside in the Eastern District of California."  Maldonado contends that, because the material was transmitted over the Internet, the jury should have been instructed to judge whether the material was obscene relative to the standards of the national community or the receiving local community, but not the sending local community.

With respect to the national community standard, in *United States v. Kilbride*, 584 F.3d 1240, 1255 (9th Cir. 2009), we held that the law on this precise question was "highly unsettled" prior to the decision in that very case.  *Kilbride* was issued on October 28, 2009.  In our case, the jury returned its verdict two months earlier: August 28, 2009.  Thus, even if the district court committed error on this point, it could not have been plain, because "[w]hen the state of the law is

---

[1] That provision states: "Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both."

unclear *at the time of trial* and is then clarified by subsequent authority, the district court's error is . . . not considered plain." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (emphasis added).

Next, contrary to Maldonado's suggestion, *ACLU v. Ashcroft*, 535 U.S. 564, 583 (2002), does not hold that only the receiving community's standards may be used to judge obscenity. Rather, "[a] juror is entitled to draw on his own knowledge of the views of the average person in the community or vicinage from which he comes for making the required determination." *Hamling v. United States*, 418 U.S. 87, 104 (1974). As Maldonado has not challenged the district court's jurisdiction or venue, we see no basis for concluding the court plainly erred.

Finally, in any event, substantial evidence showed that the material that Maldonado sent, thinking it was going to a young girl, was obscene under the *Miller* test as judged by the standards of any community. *See generally Miller v. California*, 413 U.S. 15 (1973). Any error thus would have been harmless.

AFFIRMED.