**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10127 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-02044-PGR-1 |
| v. | |
| GLENN IBARRA-FIGUEROA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding
Submitted May 9, 2013[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Defendant Ibarra-Figueroa challenges his sentence for illegal reentry in

violation of 8 U.S.C. § 1326. Defendant pleaded guilty without a plea agreement

and the district court, after adopting the Pre-Sentence Report ("PSR"), sentenced

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

him to 46 months, at the low end of the guidelines. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In calculating the guidelines range, the PSR cited to the charging document and plea agreement from the defendant's drug-trafficking conviction that led to his original removal. The PSR used these documents to apply the modified categorical approach and conclude the defendant had been removed for a drug-trafficking offense. The district court relied on the PSR, but the government never submitted certified copies of the record of conviction. The defendant did not object below but argues on appeal that the district court's reliance on the PSR was plain error. The defendant also argues that the sentence is substantively unreasonable because it failed to take into account his cultural assimilation and time served in Arizona prison.

The district court may have erred, but it did not plainly err by adopting the PSR's reliance on the plea agreement to conclude defendant was convicted of a drug-trafficking offense where the government did not submit certified copies of the actual plea agreement to the court. In *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 433 (9th Cir. 2011), the district court adopted a PSR that quoted the charging document of the defendant's previous crime in applying the modified categorical approach for sentencing purposes. The district court never received the

2

actual document. *Id.* We held that the district court did not commit plain error. *Id.* at 432-33. We apply *Gonzalez-Aparicio* and conclude that the district court below did not plainly err.

We also consider defendant's arguments regarding cultural assimilation and his time served in Arizona custody and hold that the sentence at the low end of the guidelines is substantively reasonable. First, we review arguments of cultural assimilation only as a claim for substantive unreasonableness. *United States v. Vasquez-Cruz*, 692 F.3d 1001, 1005-08 (9th Cir. 2012). We have considered facts showing greater cultural assimilation than those present here and affirmed the district court's decision not to reduce the sentence based on cultural assimilation. *See United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009); *United States v. Lipman*, 133 F.3d 726, 732 (9th Cir. 1998). Moreover, the district court's consideration of the defendant's criminal history in deciding not to reduce the sentence on the basis of cultural assimilation was appropriate and supported by the Guidelines. *See* U.S.S.G. § 2L1.2, cmt. n.8.

Second, the PSR explicitly considered the defendant's time served in Arizona custody when recommending that the district court give a low-end guidelines sentence rather than a mid-level or high-end sentence. The district court

considered the defendant's argument and then chose to adopt the PSR's reasoning. This sentence was not substantively unreasonable.

**AFFIRMED**.