**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30238 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05080-RBL-1 |
| v. | |
| MICHAEL JERMAINE POLNETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 12, 2013
Seattle, Washington

Before: KLEINFELD, M. SMITH, and N.R. SMITH, Circuit Judges.


Michael Polnett challenges his conviction for selling oxycodone and

illegally possessing a gun and ammunition.  We affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Polnett argues that the warrant to search his apartment was issued without probable cause and the evidence found in his apartment should have been suppressed. The probable cause affidavit stated that the police watched Polnett leave an apartment, number 3, and meet a confidential informant in a parking lot. The informant got into Polnett's car, and they drove around while Polnett sold him oxycodone. Police then followed Polnett back to the apartment and watched him go back inside apartment number 3. The affidavit described how the officer had seen Polnett's Mercedes parked in the designated parking spot for apartment number 3 "on numerous occasions at all times of the day and night." Based on these facts, there was a fair probability that apartment number 3 was Polnett's, and that it contained either contraband or evidence of Polnett's crimes. United States v. Kelley, 482 F.3d 1047, 1050 (9th Cir. 2007). The district court did not err in denying Polnett's motion to suppress.

Polnett claims that probable cause was lacking because the officer who signed the affidavit lied to the court when he declared that Detective Hickman "observed Mike come out of the apartment." In fact, Detective Hickman could not actually see the door to apartment number 3 from where he was watching. Rather, Detective Hickman testified that he could see the "area of Apartment Number 3,"

as well as the door to apartment number 4, and the stairs. Detective Hickman testified that from his vantage point, he did not see Polnett come down the stairs, or come out of the door to apartment number 4, so he assumed that Polnett came out of apartment number 3. Probable cause does not require proof beyond a reasonable doubt. We hold that Detective Hickman's testimony explaining his conclusion that Polnett came out of apartment number 3 did not defeat probable cause. Kelley, 482 F.3d at 1050 ("[W]e do not 'flyspeck' the affidavit supporting a search warrant through de novo review.").

Polnett argues that he was entitled to a Franks hearing. The affidavit was clear that police searched the informant before and after the buys, and the affidavit was based on the officers' observations, not the informant's credibility. Therefore, failure to disclose impeaching facts about the informant's credibility was immaterial, and the district court did not err in denying Polnett's request for a Franks hearing. United States v. Chavez-Miranda, 306 F.3d 973, 979 (9th Cir. 2002).

Polnett argues that he was denied his right to a fair trial when the judge asked a venireman what verdict he reached when he served as a juror on two

3

unrelated criminal cases, and the venireman responded "Guilty in both cases." Polnett did not object to this question during voir dire, so we review for plain error. United States v. Mitchell, 502 F.3d 931, 949 n.1 (9th Cir. 2007). Error, if any, was not "clear or obvious." United States v. Gonzalez-Aparicio, 663 F.3d 419, 428 (9th Cir. 2011); see also United States v. Guzman, 450 F.3d 627 (6th Cir. 2006).

Polnett claims that he received ineffective assistance of counsel because his counsel only listened to portions of recorded telephone conversations and did not give Polnett copies of the recorded conversations or incriminating text messages Polnett had sent. We reject this claim as premature because the record has not been sufficiently developed for us to effectively review his counsel's performance or what evidence Polnett did or did not receive. United States v. Moreland, 622 F.3d 1147, 1157 (9th Cir. 2010).

**AFFIRMED.**