FILED

APR 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10110 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01472-DCB-BGM-1 |
| v. | |
| FRANCISCO BARRIOS-SIGUENZA, AKA Francisco Barrios-Siquenza, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 12, 2014
Berkeley, California

Before: THOMAS, FISHER, and BERZON, Circuit Judges.

Francisco Barrios-Siguenza ("Barrios") appeals from his conviction

following a jury trial for assault on a federal officer in violation of 18 U.S.C.

§ 111(a)(1) and illegally entering the United States in violation of 8 U.S.C. § 1325,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and from the 18-month sentence imposed thereafter. We vacate Barrios' conviction for assault on a federal officer.[1]

(1)     Barrios contends that a jury instruction regarding the elements of § 111(a)(1) constructively amended the indictment to allow a conviction for "mak[ing] a threat coupled with an apparent ability to inflict injury," which was not charged. As Barrios objected to the instruction at trial with sufficient specificity to put the government and the district court on notice of the basis for his objection, *United States v. Pineda-Doval*, 614 F.3d 1019, 1025–26 (9th Cir. 2010), we review this argument de novo, *United States v. Lazarenko*, 564 F.3d 1026, 1034 (9th Cir. 2009).

The indictment alleged that Barrios "did intentionally and forcibly assault United States Border Patrol Agent Michael [Cook], . . . *by hitting Agent Cook in the mouth*, thus making physical contact with Agent Cook. . . ." The challenged jury instruction provided: "[t]here is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or makes a threat coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm."

---

[1] In a concurrently filed opinion, we reject the government's argument that we should affirm because Barrios has been deported.

2

Because the indictment alleged that Barrios "forcibly assault[ed]" Agent Cook "*by hitting [him] in the mouth*," he was charged with the first type of forcible assault only, "strik[ing] another," not "attempt[ing]" or "mak[ing] a threat" to do so. Although "forcible assault" would in other contexts include threats and attempts, once the indictment specified a particular type of "assault" — "by hitting . . . in the mouth," which is necessarily "strik[ing] another" — the district court was required to limit the jury instruction accordingly.

Moreover, there is a construction of the proven facts that could support finding a threat, although a threat was neither alleged nor argued. The jury could have concluded that Barrios did not hit Agent Cook with a rock (or there was not proof beyond a reasonable doubt that he did), but that after Barrios fell, he rose in a threatening fashion, as Agent Cook testified. This construction is not undermined by the instruction's requirement that the jury find "the defendant made physical contact," because Barrios himself testified that he instinctively raised his head as he was falling and "felt an impact." The jury could have reasonably inferred that the impact was with Agent Cook's lip.

As the instruction allowed the jury to convict Barrios for "mak[ing] a threat[,]" "it cannot be said with certainty that" he "was convicted solely on the charge made in the indictment the grand jury returned." *Stirone v. U. S.*, 361 U.S.

3

212, 217 (1960). As "a constructive amendment requires reversal," we vacate Barrios' conviction for assaulting a federal officer. *United States v. Hartz*, 458 F.3d 1011, 1020 (9th Cir. 2006).

**(2)** Additionally, the district court plainly erred in failing to instruct the jury that the "makes a threat" version of forcible assault "require[s] a finding that [Barrios] *intentionally*" threatened Agent Cook. *United States v. Acosta-Sierra*, 690 F.3d 1111, 1123 (9th Cir. 2012) (emphasis added), *cert. denied*, 133 S. Ct. 1298 (2013). The government concedes as much.

This error prejudiced Barrios' substantial rights. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (under plain error review, relief is not warranted unless the error affected the defendant's substantial rights). Although there was no direct evidence that Barrios threatened Agent Cook, the jury asked for a definition of "makes a threat." As the district court acknowledged, the jury's question suggested that it may have convicted Barrios on the basis of the "makes a threat" version of forcible assault. Moreover, as explained above, the jury could have convicted Barrios for "mak[ing] a threat" even if it believed he did not intend to do so. The jury could have concluded that when Barrios attempted to stand up after falling to the ground, Agent Cook reasonably felt threatened by Barrios' actions, even though Barrios had no intent to communicate a threat.

4

This prejudice was not cured by the district court's answer to the jury question defining "makes a threat" as "[a] communicated intent to inflict bodily harm on another." One can communicate an intent to inflict bodily harm without intending to do so, as the example just given illustrates. Nor did the prosecutor's statements in closing adequately identify the mens rea required for a conviction based on threats. For this reason as well, therefore, Barrios' conviction on Count 3 must be vacated.

**(3)** We affirm the conviction and sentence in all other regards. The district court did not err in denying the motion to dismiss on the basis of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), for failure to investigate and timely disclose information relating to missing witnesses. There is no evidence that the government acted in bad faith or withheld material evidence favorable to the defense. *See United States v. Leal-Del Carmen*, 697 F.3d 964, 969 (9th Cir. 2012). Moreover, the district court's offer to continue the trial to allow the defense to obtain and develop such evidence would have cured any such violation. *See United States v. Gamez-Orduno*, 235 F.3d 453, 461–62 (9th Cir. 2000).

Costs on appeal are awarded to Barrios.

**VACATED in part, AFFIRMED in part, AND REMANDED.**

5