**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30004 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00100-BLW-1 |
| v. | |
| MARTY LISH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted April 7, 2014[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and BEA, Circuit Judges.

Marty Lish ("Lish") appeals his jury trial conviction for Conspiracy to

Distribute Less than 50 grams of Methamphetamine and Possession with Intent to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 2. We affirm.

Lish's Fourth Amendment challenge to the denial of his motion to suppress fails because an investigatory vehicle stop does not offend the Fourth Amendment if it is supported by reasonable suspicion. *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000). At the time of the stop, the officers knew: (1) a reliable informant had seen Lish in possession of and distributing methamphetamine earlier that morning; (2) Lish had met with a suspected drug trafficker that day in a parking lot, from which she proceeded to get into Lish's car, drive around with him for a few minutes, and then return to her vehicle; (3) Lish had made short visits to various residences of suspected drug users and traffickers; (4) Lish had driven in a manner to avoid being followed; and (5) based on dispatch's records, Lish's license plate did not match his vehicle. It was rational for the officers to infer from these specific articulable facts that Lish "may have committed or [was] about to commit a crime." *United States v. Garcia-Acuna*, 175 F.3d 1143, 1146 (9th Cir. 1999).

The subsequent search of Lish's vehicle also did not violate the Fourth Amendment since his parole conditions authorized searches of this kind, and the officers had reasonable suspicion that he had engaged in criminal activity. *See Samson v. California,* 547 U.S. 843, 850–57 (2006) (upholding search under

suspicionless-search parole condition); *United States v. Knights*, 534 U.S. 112, 121–22 (2001) (upholding search based on probation conditions and reasonable suspicion). Lish does not dispute that he consented to parole conditions requiring him to submit to searches of his vehicle and personal property "at any time, with or without a search warrant, whenever reasonable cause is determined by a Parole Agent" or whenever "any . . . law enforcement officer" so desires. Nor does he dispute his parole officer's determination that, based on the information an officer provided him regarding the criminal investigation, there was reasonable cause to conduct a parole search.[1]

Finally, the admission into evidence of text messages from Lish's cell phone and the limitation on his ability to impeach this evidence was not plain error. Under *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011), Lish would need to show, among other things, that any error affected substantial rights and seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Lish has not demonstrated either.

**AFFIRMED.**

---

[1] Because we find the officers possessed reasonable suspicion to stop Lish's vehicle and his conditions of parole justified the subsequent search, we need not examine the district court's alternative holding based on probable cause.