**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10387 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00287-MMD-VCF-1 |
| v. |  |
| EDWIN FUENTES-ENAMORADO, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted May 15, 2014[**]
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BOLTON, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Susan R. Bolton, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Edwin Fuentes-Enamorado appeals from his jury conviction of possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Fuentes-Enamorado argues that the evidence is insufficient to show he knowingly possessed a firearm because a detective found the firearm in a shared bedroom in a house occupied by multiple tenants. Yet, as Fuentes-Enamorado acknowledges, his attorney failed to challenge the sufficiency of the evidence before the district court. We therefore review the district court's decision for plain error. *See United States v. Lowry*, 512 F.3d 1194, 1197–98 & n.3 (9th Cir. 2008) ("[W]hen a defendant does not preserve a claim of sufficiency of the evidence by failing to make a motion for acquittal at the close of the evidence, [this court's review] requires reversal only upon plain error or to prevent a manifest injustice." (internal quotation marks omitted)). Under plain error review, relief is unavailable unless error occurred that was plain, that affected substantial rights, and that had a serious impact on the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011).

The record does not indicate that any error occurred, much less plain error or a miscarriage of justice. Rather, in viewing the evidence in the light most favorable to the prosecution, the record amply supports the jury's verdict. *See*

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The detectives found the firearm under a pillow on the bed in Fuentes-Enamorado's bedroom, where the detective also uncovered identifying documents, including Fuentes-Enamorado's driver's license and immigration documents. According to a detective, Fuentes-Enamorado also gave a detailed confession to possession of the firearm when he returned to find government authorities at his home. The only disputed issue related to possession of the handgun. At trial, the jury was entitled to disbelieve Fuentes-Enamorado's uncorroborated testimony contradicting his own alleged confession. *See United States v. Nevils*, 598 F.3d 1158, 1164 n.2 (9th Cir. 2010) (en banc). Consequently, the record does not show any plain error or manifest injustice requiring reversal.

**AFFIRMED.**