**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10592 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00370-KJD-GWF-1 |
| v. | |
| ALFRED T. SAPSE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, Senior District Judge, Presiding

Submitted November 17, 2015[**]
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Alfred T. Sapse appeals his conviction for multiple counts of mail and wire

fraud and one count of conspiracy to commit mail and wire fraud. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In establishing Appellant's fraudulent intent, the government introduced evidence that he violated various U.S. Food and Drug Administration (FDA) regulations. The district court prohibited the defense from introducing evidence related to the FDA's politics to rebut the evidence of the regulations violations. Appellant argues that this decision was in error and violated his right to present a defense.

Appellant's co-defendant raised this issue at trial; therefore we review for abuse of discretion. *United States v. Orm Hieng*, 679 F.3d 1131, 1141 (9th Cir. 2012); *United States v. Komisaruk*, 885 F.2d 490, 492 (9th Cir. 1989). Appellant failed to establish the connection between the FDA's politics and the issues in the case. Therefore, the district court properly excluded this evidence as being irrelevant. *See United States v. Vallejo*, 237 F.3d 1008, 1015-17 (9th Cir. 2001).

Appellant also argues that the district court impermissibly permitted the government to shift the burden of proof to him to demonstrate that he did not misrepresent his academic credentials. Appellant relied on these credentials as part of his defense but did not provide documentation corroborating them in response to a government subpoena. This court reviews de novo whether a district court shifted the burden of proof to the defendant. *United States v. Brobst*, 558 F.3d 982, 998 (9th Cir. 2009). The government did not argue that Appellant's failure to provide

documentation confirming his credentials required a guilty verdict, and the district court instructed the jury that Appellant did "not have to prove his innocence or introduce any evidence at all." Therefore, the trial court did not impermissibly permit the government to shift the burden of proof. *See United States v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991).

Appellant further claims that the district court violated his Fifth Amendment right against self-incrimination by allowing the government to negatively comment on his failure to provide documentation confirming his academic credentials in response to the government subpoena. We review whether the government improperly commented on a defendant's Fifth Amendment right to be free of self-incrimination de novo. *United States v. Bushyhead*, 270 F.3d 905, 911 (9th Cir. 2001). Appellant did not invoke his Fifth Amendment right at the time the subpoena was served, thereby waiving his claim that the government's commentary violated that right. *See United States v. Unruh*, 855 F.2d 1363, 1374 (9th Cir. 1987).

Finally, Appellant argues that the district court erred in adjusting his sentence for abuse of a position of trust and for obstruction of justice. Appellant did not object to these upward adjustments at the time of sentencing; therefore we review the district court's decision for plain error. *United States v. Bonilla-Guizar*,

729 F.3d 1179, 1187 (9th Cir. 2013). Plain error is error that is "so clear-cut [and] so obvious [that] a competent district judge should be able to avoid it without [the] benefit of objection." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011).

The abuse of a position of trust enhancement applies where a defendant "abused a position of public or private trust . . . in a manner that significantly facilitated the commission . . . of the offense." U.S.S.G. § 3B1.3. The record adequately supports the district court's determination that Appellant promoted his background as a "reputed physician and as a researcher" in committing fraud; therefore the district court did not plainly err in applying this adjustment.

The obstruction of justice enhancement applies where a defendant committed perjury or provided materially false statements to a law enforcement officer during the course of an investigation. U.S.S.G. § 3C1.1 cmts. 4(B), (G). The record adequately supports the district court's finding that Appellant perjured himself by testifying falsely about his educational background and that he made false statements to law enforcement officials who were investigating him. Thus, the district court did not commit plain error in applying a sentencing adjustment for an obstruction of justice.

**AFFIRMED.**

4