**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10342 |
| Plaintiff - Appellee, | D.C. No. 5:12-cr-00583-EJD-1 |
| v. | |
| JONATHAN HOANG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted October 21, 2015
San Francisco, California

Before: BLACK,[**] CLIFTON, and N.R. SMITH, Circuit Judges.

Jonathan Hoang ("Hoang") appeals his sentence following his guilty plea to

securities fraud, impersonating a federal agent, and possession of a counterfeit

agency seal. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

For the first time on appeal, Hoang argues the district court erred in not sua sponte reducing his offense level by one additional level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b).

1.     *Black's Law Dictionary* defines "sua sponte" as "[w]ithout prompting or suggestion" or "on its own motion." *Sua sponte*, *Black's Law Dictionary* (10th ed. 2014). Under circuit precedent, the district court is not required to sua sponte override the government's decision to withhold a § 3E1.1(b) motion; rather, the burden is on the defendant to object specifically to the government exceeding its discretion under § 3E1.1(b). *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1138 (9th Cir. 2006) (requiring defendants to meet a "threshold burden" by presenting "objective evidence of an improper motive on the part of the government"); *United States v. Johnson*, 581 F.3d 994, 1001 (9th Cir. 2009) (holding that when a district court reviews "the government's refusal to file a § 3E1.1(b) motion . . . [t]he burden of showing [improper motive] rests on the defendant"). Although Amendment 775 expanded the meaning of "improper motive" to withhold the motion, it did not abrogate pre-amendment case law relieving the defendant of his obligation to object. *See* U.S.S.G. supp. app. C, amend. 775 (2013); *see also Espinoza-Cano*, 456 F.3d at 1138.

2.      When the appellant raises an argument on appeal that was not raised before the district court, we review for plain error. *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam). "A challenge to an adjustment of an offense level must be raised *specifically* at sentencing in order to afford the district court an opportunity to correct any potential error." *United States v. Baker*, 63 F.3d 1478, 1500 (9th Cir. 1995). At sentencing, the district court granted Hoang a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The government did not move for the additional one-level reduction under § 3E1.1(b). Although Hoang generally argued he was entitled to the full three-level reduction, he did not object to the government withholding its § 3E1.1(b) motion. Nor did he argue the court should sua sponte grant the additional one-level reduction. The district judge asked three times if there was anything further the parties wanted to address. First, after the court had granted only the two-level reduction under § 3E1.1(a), the court asked if both parties agreed to the calculation of the total offense level. Both parties agreed. Second, after the court had heard argument from both parties on the determination of Hoang's criminal history category, the court asked again if there was anything further from either party. Hoang made no objection. Third, after the court heard from the probation office regarding the determination of Hoang's criminal history category, the court asked if the parties

3

had any further objections. Hoang said that he did, but then objected only to the recommended amount of restitution.

Thus, Hoang waived his § 3E1.1(b) arguments when he failed to object specifically in the district court. His general request for a three-level reduction was insufficient given the requirements of *Espinoza-Cano* and *Johnson*. We therefore review for plain error.

3.    Under the plain error standard, relief is not warranted unless (1) there has been error; (2) the error was plain; (3) the plain error affected substantial rights; and (4) the plain error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011). "To be plain, the error must be clear or obvious, and an error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *Id*. (internal quotation marks and citation omitted); *see also United States v. Budziak*, 697 F.3d 1105, 1110 (9th Cir. 2012) (holding that a jury instruction defining "distribution" under 18 U.S.C. § 2252 was not plain error because the Ninth Circuit "had not yet resolved the issue" of whether "distribution" included file-sharing programs).

Here, even assuming the district court erred in failing to sua sponte grant the additional one-level reduction, the error was not plain. The Ninth Circuit has not

4

yet resolved the issue of how Amendment 775 modifies prior precedent regarding § 3E1.1(b). *See Gonzalez-Aparicio*, 663 F.3d at 428. For this reason, the district court did not plainly err.

**AFFIRMED**.

*No.* 14-10342*, United States v. Hoang*

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. In light of Amendment 775, I would vacate the sentence and remand so that the district court could revisit the sentence on an open record.