**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10302 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-50023-ROS-1 |
| v. | |
| BRENT MARQUIZE LEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted March 15, 2017
San Francisco, California

Before: WARDLAW, GOULD, and CALLAHAN, Circuit Judges.

Brent Marquize Lee ("Lee") violated the terms of his supervised release. As

a result, the district court revoked Lee's supervised release and sentenced him to 18

months' confinement followed by a new term of supervised release. On appeal,

Lee argues that: (1) the district court failed to address his non-frivolous argument

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for a below-Guidelines sentence of twelve months and one day; (2) the district court erroneously imposed a no-alcohol condition, a substance abuse treatment condition, and a computer search condition; and, (3) five of the standard supervised release conditions are impermissibly vague. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.[1]

1.      "[W]hen a party raises a specific, nonfrivolous argument tethered to a relevant § 3553(a) factor in support of a requested sentence, then the judge should normally explain why he accepts or rejects the party's position." *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). The sentencing judge must "'set forth enough to satisfy [the court] that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Id.* at 996 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

Here, the district court stated that it had "considered everything that ha[d] been brought to [its] attention," which included, among other things, the probation officer's supervised release disposition report ("SRDR") and the presentence report ("PSR"). Additionally, at the second of the three hearings it held, the district court specifically acknowledged Lee's sentencing argument by stating that it needed

---

[1]      Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

additional evidence before it could "decide whether or not [Lee] gets 12 months and a day or 18 months or 24 months because of [his] conduct." Thus, it is clear that the district court considered Lee's argument for a below-Guidelines sentence, and, in light of Lee's criminal history and the district court's concern with Lee's continued involvement with weapons and substance abuse problems, had a reasoned basis for rejecting it. *See Carty*, 520 F.3d at 995–96.

**2.** The record in this case supports the district court's imposition of the substance abuse treatment and no-alcohol conditions. Conditions of supervised release must be "reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender, taking into account the offender's history and personal characteristics, and involve no greater deprivation of liberty than is reasonably necessary for the purposes of supervised release." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009) (internal quotation mark omitted); *see also* 18 U.S.C. §§ 3553(a), 3583(d)(1). Here, pursuant to the terms of his initial supervised release, Lee was not to consume alcohol. However, despite this and his recent completion of a substance abuse treatment program, Lee twice tested positive for alcohol. Accordingly, it was reasonable for the district court to find that Lee had an alcohol problem, and that the purposes of supervised release would be furthered by ordering Lee not to drink alcohol and to participate in treatment.

3

**3.**     As for Lee's impermissible delegation argument, it is unavailing. Probation officers have a continuing duty to ensure that, as things change, conditions are modified to ensure that they do not involve a deprivation of liberty that is greater than is reasonably necessary. *United States v. Quinzon*, 643 F.3d 1266, 1274 (9th Cir. 2011). The discretion afforded here does not exceed what is permissible.

**4.**     Further, the district court did not improperly shift the burden to Lee to show that the treatment condition should not be imposed. Unlike in *United States v. Betts*, 511 F.3d 872 (9th Cir. 2007), the district court did not base the imposition of the substance abuse treatment condition on Lee's refusal to respond to a specific inquiry, *see id.* at 878, but rather, it did so based on evidence indicating that Lee had a substance abuse problem. Thus, no impermissible burden shifting occurred.

**5.**     Also, relief is not warranted with regard to the five standard supervised release conditions. The conditions are "reasonably related to the goals of deterrence, protection of the public, or rehabilitation" of Lee. *Watson*, 582 F.3d at 982. Further, because the standard conditions were contained in the Sentencing Guidelines and there was no controlling precedent deciding that the standard conditions were impermissibly vague or overbroad at the time the district court

sentenced Lee, the district court did not plainly err in imposing them.[2] *See United States v. Gonzales-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011).

**6.** However, the district court erred when it imposed the computer search condition. The Government concedes that this condition was erroneously imposed, and there is no evidence on the record establishing a nexus between computer use and the need for the sentence imposed to accomplish deterrence, protection of the public, or rehabilitation of Lee. *See United States v. Bare*, 806 F.3d 1011, 1013 (9th Cir. 2015). Thus, we vacate the search condition to the extent that it allows the search of Lee's computers, electronic communications or data storage devices or media, and remand so that the district court can modify the condition consistent with this disposition.

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED.**

---

[2] Of course, on remand, the district court may modify the standard conditions to reflect the recent amendments to those conditions. *See* 18 U.S.C. § 3583(e)(2).