**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10441 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-01126-GMS-1 |
| v. | |
| KENNETH WAYNE MORGAN, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted May 15, 2017
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and MORRIS,[**] District Judge.

Defendant Kenneth Morgan, Jr. appeals his jury conviction and sentence for assault resulting in serious bodily injury. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

**1.** The district court did not clearly err when it rejected Morgan's assertion that intentional discrimination motivated the government's peremptory strike of an Asian-American prospective juror. The judge determined that the government properly struck the juror because she previously had served on a hung jury and she had expressed concerns about how fairly the defendant in that case had been treated. The district court's determination on discriminatory intent represents a "finding of fact entitled to deference." *United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002). Service on a hung jury represents a legitimate reason to exercise a peremptory strike. *See United States v. Changco*, 1 F.3d 837, 840 (9th Cir. 1993) (an "inability to relate to other jurors" is a valid, race-neutral reason for excluding a prospective juror).

Hesitation regarding the fairness of criminal proceedings also provides a proper basis for a peremptory strike. *See Briggs v. Grounds*, 682 F.3d 1165, 1174 (9th Cir. 2012) (holding "the prosecution to a higher burden of proof than the law required" is a valid, race-neutral reason for excluding a juror). Further, concern about a juror's feelings regarding the fairness of criminal proceedings corresponds with a valid for-cause reason to strike a juror—the inability of a juror to be fair to the defendant. *See Hernandez v. New York*, 500 U.S. 352, 362–63 (1991). As noted by the Supreme Court in *Hernandez* "the reason offered by the prosecutor

for a peremptory strike need not rise to the level of a challenge for cause, the fact that it corresponds to a valid for-cause challenge will demonstrate its race-neutral character." *Id.* (internal citations omitted).

2. The district court did not abuse its discretion when it denied Morgan's motion to give a self-defense instruction to the jury. A criminal defendant possesses a constitutional right to have the jury instructed on his defense if the law supports the requested instruction and it has some foundation in the evidence, even if that evidence is "weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Sanchez-Lima*, 161 F.3d 545, 549 (9th Cir. 1998) (internal citations and quotations omitted). The "merest scintilla of evidence" falls short. *United States v. Jackson*, 726 F.2d 1466, 1468 (9th Cir. 1984). The district judge correctly found that no record evidence existed to support a self-defense instruction.

3. The district court did not abuse its discretion when it overruled Morgan's objection to the government's assertion that the defendant "was slashing at the victim" during closing and rebuttal arguments. The prosecutor's statements represented reasonable inferences from the evidence. Prosecutors enjoy "reasonably wide latitude" in fashioning closing argument. *United States v. Gorostiza*, 468 F.2d 915, 916 (9th Cir. 1972) (per curiam). A prosecutor may

"strike hard blows" based on the evidence and all reasonable inferences derived therefrom. *United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011) (internal quotation omitted).

**4.** The prosecution did not violate Morgan's Fifth Amendment right to due process by singling him out for his "Indian blood." We and the United States Supreme Court have affirmed that 18 U.S.C. § 1153 does not violate defendants' rights by singling them out based on their race. *See United States v. Antelope*, 430 U.S. 641, 645–47 (1977); *United States v. Zepeda*, 792 F.3d 1103, 1111–13 (9th Cir. 2015) (en banc), *cert. denied*, 136 S. Ct. 1712 (2016). "[F]ederal regulation of Indian affairs is not based upon impermissible classifications. Rather, such regulation is rooted in the unique status of Indians as 'a separate people' with their own political institutions." *Id.* (quoting *Antelope*, 430 U.S. at 646).

**5.** The cumulative effect of error did not deprive Morgan of a fair trial. Because the district court committed no error, there can be no cumulative effect.

**6.** The district court committed no procedural error and did not abuse its discretion when it enhanced Morgan's sentence under the Sentencing Guidelines based on the allegation that he had possessed a dangerous weapon, although the jury acquitted him of that charge. No Sixth Amendment violation occurs "when

sentencing judges consider conduct underlying acquitted counts." *United States v. Mercado*, 474 F.3d 654, 657–58 (9th Cir. 2007).

7.     The district court did not plainly err when it imposed supervised release conditions requiring Morgan to meet "family responsibilities," "work regularly," and permit a probation officer to visit "at any time" and confiscate "contraband." The conditions are appropriate given the facts and circumstances of the case, and are "reasonably related to the goals of deterrence, protection of the public, or rehabilitation of the offender." *United States v. Watson*, 582 F.3d 974, 982 (9th Cir. 2009). No controlling precedent existed reversing the standard and commonly imposed conditions on the grounds of vagueness or overbreadth at the time the district court issued its decision. *See United States v. Gnirke*, 775 F.3d 1155, 1164 (9th Cir. 2015) (quoting *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) ("An error 'cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results.'")).

**AFFIRMED.**