**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50068 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00791-ODW-1 |
| v. | |
| CHIBUEZE NWAFOR, AKA Cheeze, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Chibueze Nwafor appeals from the district court's judgment and challenges

the 24-month sentence imposed upon revocation of supervised release. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nwafor contends that, because the district court departed downward to a

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

criminal history category of IV at his original sentencing, it should have used that category when calculating the applicable Guidelines range during the instant revocation proceedings. Because Nwafor did not raise this argument before the district court, we review for plain error.[1] *See United States v. Pete*, 819 F.3d 1121, 1135 (9th Cir. 2016).

The Guidelines require the district court to use at the revocation sentencing the criminal history category it determined at the original sentencing. *See* U.S.S.G. § 7B1.4 cmt. n.1. The record shows that the district court correctly determined at the original sentencing that Nwafor's 11 criminal history points resulted in a pre-departure criminal history category of V. But, even assuming the district court should have used the post-departure category IV, Nwafor has not shown a reasonable probability that he would have received a lower sentence absent the error. *See United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). The record reflects that, whether the court started with a Guidelines range of 30-37 months corresponding to a criminal history category of V, or a Guidelines range of 24-30 months corresponding to a criminal history category of IV, it would have imposed the statutory maximum sentence of 24 months given its significant

_____

[1] We disagree with Nwafor's assertion that we should exercise our discretion to review this claim de novo. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426-27 (9th Cir. 2011) (noting that decision whether to refrain from applying plain error standard of review is discretionary and declining to exercise its discretion to disregard plain error standard).

20-50068

concerns about Nwafor's poor performance on supervised release, which included many months of missed restitution payments and a recent state conviction for corporal injury to a spouse or cohabitant.

**AFFIRMED.**