**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50414 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02399-BTM-1 |
| v. | |
| REYNA RENTERIA-AGUILAR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Argued and Submitted February 12, 2018
Resubmitted April 8, 2019
Pasadena, California

Before: McKEOWN and WARDLAW, Circuit Judges, and QUIST,[**] District
Judge.

Reyna Renteria-Aguilar appeals the district court's denial of her motion to

dismiss the information against her for illegal reentry under 8 U.S.C. § 1326(d), as

well as the district court's imposition of a sixteen-level sentence enhancement for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

her conviction under California Health & Safety Code § 11378. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1.    Renteria contends that the district court improperly denied her motion to dismiss because she demonstrated each of the elements of § 1326(d). Specifically, Renteria collaterally attacks the underlying deportation order on the basis that the Immigration Judge (IJ) failed to properly inform her of her eligibility for voluntary departure during the 2005 removal proceedings, and she was prejudiced as a result.[1]  At the 2005 removal proceeding, the IJ concluded that Renteria was ineligible to apply for voluntary departure or cancellation of removal because her 2004 California first degree burglary conviction constituted an aggravated felony. At the time, Renteria's first degree burglary conviction did constitute an aggravated felony under Ninth Circuit precedent interpreting 18 U.S.C. § 16(b). *See United States v. Becker*, 919 F.2d 568, 570–73 (9th Cir. 1990). Renteria contends that intervening law rendered this advisement constitutionally deficient, as the Supreme Court held in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210–11 (2018), that 18 U.S.C. § 16(b) is unconstitutionally vague.

Generally, an IJ does not commit constitutional error by "provid[ing] accurate information regarding an [immigrant's] eligibility for relief 'under the

---

[1] A misadvisement as to the eligibility for relief, if available, satisfies each of the requirements of § 1326(d) for a collateral attack on a deportation order, subject to a showing of prejudice.

2

applicable law at the time of [her] deportation hearing.'" *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1017 (9th Cir. 2013) (citing *United States v. Lopez-Velasquez*, 629 F.3d 894, 897 (9th Cir. 2010) (en banc)). To successfully challenge her 2005 deportation order, Renteria must show that her case falls into the "'narrow exception' to the general principle that the IJ need not anticipate post-removal changes in the law." *Id.* (citing *Lopez-Velasquez*, 629 F.3d at 895). We have held that this narrow exception is satisfied where "post-removal precedent . . . make[s] clear that the [immigrant] was apparently eligible for relief at the time of [her] removal proceeding[s]." *Id.* at 1018. Here, however, *Dimaya* did not make clear that Renteria was apparently eligible for voluntary departure at the time of her 2005 deportation proceeding, as her first degree burglary conviction clearly constituted an aggravated felony under controlling Ninth Circuit precedent at the time. *See Becker*, 919 F.2d at 570–73. Therefore, the IJ did not commit constitutional error by denying Renteria an opportunity to apply for voluntary departure.

2. Renteria also challenges the district court's imposition of a sixteen-level sentence enhancement for her 2006 conviction under California Health & Safety Code § 11378. Renteria argues that California Health & Safety Code § 11378 is overbroad and indivisible with respect to its controlled-substance requirement, as well as its methamphetamine element. But we have clearly held

3

that § 11378's controlled-substance requirement is divisible, warranting use of the modified categorical approach. *See United States v. Ocampo-Estrada*, 873 F.3d 661, 668–69 (9th Cir. 2017). Moreover, because Renteria failed to challenge the divisibility of § 11378's methamphetamine element before the district court, we review this argument for plain error. *See* Fed. R. Crim. P. 52(b). Because Renteria's argument as to the overbreadth and indivisibility of § 11378's methamphetamine element depends on an unresolved factual dispute – whether the chemical structure of methamphetamine includes geometric isomers – any error was not plain. *See United States v. Zhou*, 838 F.3d 1007, 1011 (9th Cir. 2016) ("[A]n error that hinges on a factual dispute is not 'obvious' as required by the 'plain error' standard.") (citing *United States v. Scrivner*, 114 F.3d 964, 968 (9th Cir. 1997)).

3.      Finally, Renteria contends that the district court erred in its modified categorical approach analysis by relying on the Probation Officer's Addendum to her Presentence Report, which cited the felony complaint and abstract of judgment from her 2006 proceedings to conclude that she had been found guilty of possession with intent to sell methamphetamine. Because Renteria failed to raise this objection at sentencing, we review this claim for plain error. *See United States v. Santiago*, 466 F.3d 801, 803 (9th Cir. 2006) ("When a party does not lodge a specific objection in the district court, yet asserts error on appeal, we review under

4

our familiar plain error standard[.]").  We have held that reliance on a Presentence Report that specifically references "source[s] that we have previously deemed acceptable, such as a signed plea agreement, a transcript of the plea hearing, or a judgment of conviction" is not plain error.  *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 432–33 (9th Cir. 2011) (internal citation and quotation marks omitted).  Because the Addendum to Renteria's Presentence Report specifically referenced sources that we have previously deemed acceptable for use in the modified categorical approach analysis, the district court did not plainly err. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) ("We have permitted reliance on an abstract of judgment in combination with a charging document to establish that the defendant pled guilty to a generic crime under the modified categorical approach.").

**AFFIRMED.**