**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50392 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00204-PA-1 |
| v. | |
| ERIC ALLEN HAENSGEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 16, 2019[**]
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and BAYLSON,[***] District Judge.

Eric Allen Haensgen appeals from his conviction and sentence for

distribution of child pornography involving real children in violation of 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

§ 2252A(a)(2)(A) and (b)(1).  As the parties are familiar with the facts, we do not recount them here.  We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1.     Haensgen argues that three features of § 2252A(a)(2)(A), in combination, render the statute unconstitutional under the First Amendment.  We reject the Government's argument that Haensgen waived this claim by entering into the plea agreement.  After all, a claim that the statue of conviction is facially unconstitutional is a "jurisdictional claim[] not waived by the guilty plea."  *United States v. Caperell*, 938 F.2d 975, 977 (9th Cir. 1991) (citation omitted).  Although the plea agreement includes sections titled "Waiver of Constitutional Rights" and "Waiver of Appeal of Conviction," these general waivers advise Haensgen of the effects of his guilty plea and do not cover this claim.  *See United States v. Cope*, 527 F.3d 944, 949-50 (9th Cir. 2008) ("[W]e interpret plea agreements '"using the ordinary rules of contract interpretation."'" (citation omitted)); *see also Class v. United States*, 138 S. Ct. 798, 805 (2018) (explaining that guilty pleas waive many constitutional rights, but only rights that exist in "the confines of the trial," such as "the privilege against compulsory self-incrimination, the jury trial right, and the right to confront accusers" (citation omitted)).

Turning to the merits, we review Haensgen's First Amendment challenge de novo because—although raised for the first time on appeal—it raises a question of

law, and the Government would not be prejudiced. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011) (stating the standard of review). Even under de novo review, Haensgen's three arguments are unpersuasive.

First, Congress's 1984 amendment to the definition of "minor" for purposes of child pornography laws—increasing the age cut-off from 16 to 18—is not substantially overbroad. *See* 18 U.S.C. § 2256(1) (defining "minor"); *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 78 (1994) (rejecting as "insubstantial" the similar argument that "§ 2256 is unconstitutionally vague and overbroad because it makes the age of majority 18, rather than 16"). And contrary to Haensgen's contention, Congress did not increase the age cut-off to 18 solely to make it easier to prosecute pornography cases involving 15-year-olds. *See Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002) ("The Government may not suppress lawful speech as the means to suppress unlawful speech."). Congress, at a minimum, also intended to "improve the coverage of the act" to protect 16- and 17-year-olds. H.R. Rep. No. 98-536, at 7 (1983); *see also id.* at 1 (describing the "national tragedy" that "[e]ach year tens of thousands of children *under the age of 18* are believed to be filmed or photographed while engaging in sexually explicit acts" (emphasis added)).

Second, we reject Haensgen's argument that the term "child pornography," as defined in § 2256(8)(B) is overbroad. Section 2256(8)(B), the definition for

*virtual* child pornography, is not implicated by this case. Instead, Haensgen pled guilty to and was convicted for child pornography produced with *real* minors as defined in § 2256(8)(A). *See* 18 U.S.C. § 2256(8)(A) (defining "child pornography" where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct"). Any constitutional infirmity in § 2256(8)(B) would not require striking down § 2256(8)(A). *See Brockett v. Spokane Arcades, Inc.*, 472 U.S. 491, 501-06 (1985).

Third, the penalties for Haensgen's offense do not impermissibly chill protected speech. Although we have indeed criticized the perceived harshness of the sentencing scheme for child pornography offenses, *see, e.g.*, *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011), Haensgen fails to demonstrate that his penalties are so severe as to suppress protected speech.

Because Haensgen's three arguments fall far short of demonstrating a First Amendment violation, his challenge to § 2252A(a)(2)(A) is unsuccessful.

2.     Haensgen also argues for the first time on appeal that the district court considered his rehabilitation needs in imposing his sentence, in violation of *Tapia v. United States*. *See* 564 U.S. 319, 321 (2011) (holding that courts are prohibited from "imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation"). However, there is no plain error here. *See United States v. Grant*, 664 F.3d 276, 279 (9th Cir. 2011) (stating the standard of review).

4

The court did not err by expressing optimism that "counseling, while in custody and on supervised release," might help Haensgen. *See Tapia*, 564 U.S. at 334 (explaining that "[a] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment"). Although the court mentioned the need to "ensur[e] that [Haensgen] receives the help he desperately needs" in a discussion about both the sentence and supervised release, this statement read in context concerned the conditions of the lifetime supervised release—which is permissible. *See Grant*, 664 F.3d at 281 ("When it comes to . . . supervised release, . . . courts may take rehabilitation into account and have the authority to mandate treatment."). In sum, the sentencing transcript does not suggest that Haensgen's sentence was based on his rehabilitative needs.

**AFFIRMED**.