**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50276 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-01288-DMS-1 |
| v. | |
| RANDY ALTON GRAVES, AKA Sweets, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted April 10, 2019
Pasadena, California

Before:  PAEZ and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Randy Alton Graves challenges his convictions for drug conspiracy and

possession and resulting life sentence after his case was severed from those of

other defendants charged with conspiring to participate in a racketeer influenced

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

and corrupt organization as alleged gang members. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We address in a separate, published opinion his argument that the district court erred in concluding that his conviction under California Penal Code § 4573.6 qualified as a felony drug offense under 21 U.S.C. § 841. We affirm on the remainder of Graves' claims here.

**1.**    The district court did not err in denying Graves' motion to suppress wiretap evidence.[1] Graves never requested that the court recuse itself from reviewing the wiretap warrant, and he points to no authority establishing that the court's failure to do so constituted plain error. *See United States v. Olano*, 507 U.S. 725, 731 (1993). The main case that supports Graves' position, *United States v. Rodriguez*, 851 F.3d 931, 937 (9th Cir. 2017), was published two years after the district court's decision and so any error was not "plain." *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011). Reviewing the application de novo, we conclude that the wiretap application met the requirements under 18 U.S.C.

---

[1]The government argues Graves never had standing to challenge the wiretap order because his conversations were not intercepted pursuant to that order and he did not own any of the intercepted phones. By statute, any "aggrieved person" — defined as a party to any intercepted communication or any "person against whom the interception was directed" — may move to suppress the contents of a wiretap. 18 U.S.C. §§ 2510(11), 2518(10)(a). Graves' conversations were expected to be intercepted, and the government supported its wiretap request with examples of his criminal activity. We therefore consider his claim because Graves has standing as an "aggrieved person" under the statute.

§ 2518(1)(c). The district court also did not abuse its discretion in concluding the wiretap was necessary because the application provided a full statement why other investigative procedures had failed or appeared unlikely to succeed if tried. *See id.*; *United States v. Rivera*, 527 F.3d 891, 898 (9th Cir. 2008).

2. Nor did the district court abuse its discretion in denying a motion for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010). Graves has identified the judge's general familiarity with him and his case based on separate proceedings, but has not presented evidence of such "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

3. The district court did not abuse its discretion in denying Graves' request for a buyer-seller jury instruction. *See United States v. Moe*, 781 F.3d 1120, 1125-26 (9th Cir. 2015). While a criminal defendant has a constitutional right to have the jury instructed according to his theory of the case, provided that the instruction is supported by law and has some foundation in the evidence, the district court may deny a requested instruction where the evidence is insufficient to sustain that theory of defense. *United States v. Ocampo-Estrada*, 873 F.3d 661, 665 (9th Cir. 2017). Graves has not established an abuse of discretion because the evidence

supported a conspiracy theory and was insufficient to sustain a buyer-seller defense.

**4.**     Finally, the sentencing enhancement provision in 21 U.S.C. § 841 is not void for vagueness as applied to Graves because his prior convictions are clearly felony drug offenses. Blue Br. 56. Graves acknowledges this, but he argues that the provision is facially void for vagueness. Previously, in *United States v. Van Winrow*, 951 F.2d 1069, 1072 (9th Cir. 1991) and *United States v. Mincoff*, 574 F.3d 1186, 1201 (9th Cir. 2009), we considered the constitutionality of the "felony drug offense" definition "as applied" to the defendant, not facially. The Supreme Court's decisions, *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), are not "clearly irreconcilable" with our precedents, so we must follow *Van Winrow* and *Mincoff*. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

**AFFIRMED in part**.