**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10174 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00068-LRH-WGC-1 |
| v. | |
| FRANK ANTHONY OSEGUERA, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Frank Anthony Oseguera, Jr., appeals from the district court's judgment and

challenges the 60-month sentence and two conditions of supervised release

imposed following his guilty-plea conviction for being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1).  We have jurisdiction under 28

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291, and we affirm.

Oseguera contends that the sentence is substantively unreasonable because the circumstances did not support the district court's upward variance from the Guidelines range. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and totality of the circumstances, including Oseguera's criminal history and the nature of the offense. *See Gall*, 552 U.S. at 51. Moreover, contrary to Oseguera's arguments, the district court adequately explained the upward variance, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and did not rely solely on Oseguera's criminal history or put undue weight on that history in imposing the sentence, *see United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

Oseguera also challenges two conditions of supervised release. Because he did not object below to either condition, we review for plain error. *See United States v. Blinkinsop*, 606 F.3d 1110, 1118 (9th Cir. 2010). The district court did not plainly err in imposing Special Condition 4, which subjects him to warrantless searches. While Oseguera contends that the district court had a heightened duty to explain its imposition of this condition because it involves a "significant liberty

19-10174

interest," he does not point to any authority supporting that contention, *see United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011) (for error to be plain, it must be clear or obvious under existing precedent), and this court has held that a warrantless search condition does not violate the Fourth Amendment, *see United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007). The district court's reasons for imposing the condition are apparent from the record, which reflects that the condition was warranted in light of Oseguera's extensive criminal history and multiple parole violations. *See* 18 U.S.C. § 3583(d); *United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017).

Finally, the district court did not plainly err in imposing Standard Condition 13 because Oseguera has not shown that the term "risk" is unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1164 (9th Cir. 2018) (citing with approval the language used in U.S.S.G. § 5D1.3(c)(12), which mirrors the language in Standard Condition 13).

**AFFIRMED.**