**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30114 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00267-BLW-1 |
| v. | |
| JAY CHRISTOPHER DEAN MATT, Jr., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted May 18, 2021[**]

Before:    CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Jay Christopher Dean Matt, Jr., appeals from the district court's judgment

and challenges the 46-month sentence and one condition of supervised release

imposed following his guilty-plea conviction for witness tampering, in violation of

18 U.S.C. § 1512(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Matt contends that the sentence is substantively unreasonable in light of his mitigating evidence. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense and Matt's criminal history. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.").

Matt also contends that the imposition of special condition of supervised release number 2, which authorizes warrantless, suspicionless searches of Matt and any residence, property, or automobile under his control, was procedurally erroneous and infringes on his fundamental rights. Contrary to the government's argument, this claim is not barred by the appeal waiver in the plea agreement, which provided that Matt could file "one direct appeal" if the district court varied upward from the Guidelines range, as it did here. However, we conclude that the court did not plainly err in imposing the condition. *See United States v. LaCoste*, 821 F.3d 1187, 1190 (9th Cir. 2016).[1] This court has held that a warrantless search

---

[1] We decline to exercise our discretion to review this claim de novo. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426-27 (9th Cir. 2011) (noting that decision whether to refrain from applying plain error standard of review is discretionary and declining to exercise its discretion to disregard plain error standard).

condition does not violate the Fourth Amendment, *see United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007), and Matt does not cite any authority requiring the district court to support such a condition with an individualized assessment, *see Gonzalez-Aparicio*, 663 F.3d at 428 (for an error to be plain, it must be clear or obvious under existing precedent). Moreover, the district court's reasons for imposing the condition are apparent from the record, which reflects Matt's long history of substance addiction and his willingness to use subterfuge to hide his criminal activity. *See* 18 U.S.C. § 3583(d); *United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017).

**AFFIRMED.**