**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10165 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01211-SPL-4 |
| v. | |
| JUAN CARLOS JUAREZ-TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted September 12, 2023
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

Juan Carlos Juarez-Torres appeals from his convictions and sentence on various federal drug trafficking offenses, imposed after a guilty plea. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

1. Juarez-Torres first contends his convictions should be reversed because his counsel previously represented a person interviewed by federal agents about Juarez-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Torres. The district court concluded that Juarez-Torres's attorney was potentially conflicted by the former representation and discussed the matter with Juarez-Torres. The district court then asked whether Juarez-Torres approved of his lawyer staying on the case and Juarez-Torres confirmed he wanted his attorney to continue to represent him.

On appeal, Juarez-Torres argues that he did not make a "voluntary, knowing, and intelligent waiver" of his right to conflict-free counsel. *Garcia v. Bunnell*, 33 F.3d 1193, 1195 (9th Cir. 1994). We review the district court's finding that the defendant intelligently waived his right to conflict-free counsel de novo. *United States v. Christakis*, 238 F.3d 1164, 1168 (9th Cir. 2001). Even assuming that Juarez-Torres's waiver of the conflict was insufficient, however, he has not demonstrated that the alleged conflict "adversely affected [his] counsel's performance." *United States v. Walter-Eze*, 869 F.3d 891, 901 (9th Cir. 2017) (simplified).[1] To show an adverse effect, Juarez-Torres cites counsel's failure to challenge a sentencing enhancement. But the record shows that counsel expressly decided to argue that Juarez-Torres had a relatively minor role in the drug trafficking organization, rather than challenge any particular enhancement. That strategy was successful. The court varied downward significantly from the Guidelines sentence

---

[1] Although *Walter-Eze* involved conflicts involving concurrent representation, we assume that its standard applies here. *See* 869 F.3d at 900.

that would have been applicable without the role enhancement. And nothing in the record shows that his counsel's decision to compare him to his superiors in the conspiracy (rather than lower-level members allegedly like his former client) was based on divided loyalties rather than strategy. *See United States v. Wells*, 394 F.3d 725, 735 (9th Cir. 2005) (noting that speculative alleged failings are insufficient to establish an adverse effect). Second, Juarez-Torres argues that his attorney failed to speak with the former client because of the alleged conflict. But the record shows that Juarez-Torres's counsel attempted to contact the former client and was unable to reach her. Juarez-Torres provides no evidence indicating that the lack of contact was due to divided loyalties.

2. Juarez-Torres next argues that the district court erred by conducting his change-of-plea hearing in a video conference. The district court could conduct a felony guilty plea by videoconference if: (1) it found specific reasons that the plea could not be further delayed without serious harm to the interests of justice and (2) the defendant consented after consultation with counsel. Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 15002, 134 Stat. 281, 528–29 (2020); D. Ariz. Gen. Order 21-18 (Sept. 17, 2021). Because Juarez-Torres did not object in the district court, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–33 (1993); Fed. R. Crim. P. 52(b).

Both requirements were satisfied. First, the court concluded that "there was a

3

need to protect the public," and that without the hearing the defendant would suffer "serious harm." Amid the COVID-19 pandemic, it was not a clear or obvious error for the district court to find that those harms were specific and serious enough to counsel against further delay. Second, Juarez-Torres orally consented to the video appearance, and his attorney confirmed that they had discussed appearing by video.

3. Finally, Juarez-Torres argues that the district court improperly applied the sentencing enhancement for bribery of a law enforcement officer under USSG § 2D1.1(b)(11). Assuming that Juarez-Torres merely forfeited (rather than waived) this argument, we review for plain error. *Olano*, 507 U.S. at 731–33; Fed. R. Crim. P. 52(b). Even though "we possess the discretion to refrain from applying the default plain error standard of review in certain circumstances," we decline to exercise that discretion in this case. *United States v. Gonzalez-Aparicio*, 663 F.3d 419, 426 (9th Cir. 2011) (simplified).

The district court did not commit clear or obvious error in applying § 2D1.1(b)(11) here, even if Juarez-Torres bribed a foreign law enforcement officer. On its face, § 2D1.1(b)(11) applies to the bribery of "a law enforcement officer." Thus, § 2D1.1(b)(11) is not facially limited to bribery of domestic officers. While this enhancement was enacted in response to the Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 6, 124 Stat. 2373, which refers only to bribery of a "Federal, State, or local law enforcement official," the Sentencing Commission has discretion to

4

adopt guidelines so long as they are not inconsistent with Congressional directives. *See United States v. LaBonte*, 520 U.S. 751, 757 (1997). The Sentencing Commission's choice to forgo Congress's "Federal, State, or local" language is not plainly "at odds," *id.*, with the statute. So the district court's application of the enhancement was not clearly or obviously wrong.

**AFFIRMED.**